[No. 85657-5.    En Banc.]
Considered September 27, 2011.    Decided October 6, 2011.

THE STATE OF WASHINGTON, *Respondent*, v. JAY EARL
McKAGUE, *Petitioner*.

*Gregory C. Link* (of *Washington Appellate Project*), for appellant.

*Jon Tunheim, Prosecuting Attorney*, and *Carol L. La Verne* and *Heather Stone, Deputies*, for respondent.

¶1 PER CURIAM — Jay McKague appealed his conviction for second degree assault, and the Court of Appeals affirmed in a split decision. We affirm the Court of Appeals' holding that substantial evidence supported the conviction, but in doing so we disapprove of the definition of "substantial bodily harm" applied by the Court of Appeals majority.[1]

---

[1] In his petition for review, McKague also challenged the majority's holding that he was not entitled to a jury determination on the fact of his prior convictions for persistent offender sentencing purposes. But as we have repeatedly held, the right to jury determinations does not extend to the fact of prior convictions for sentencing purposes. *See, e.g., State v. Thiefault*, 160 Wn.2d 409, 418, 158 P.3d 580

¶2 McKague shoplifted a can of smoked oysters from Kee Ho Chang's convenience store. Chang followed McKague out of the store and confronted him in the parking lot. When McKague tried to leave, Chang grabbed his sweat shirt. McKague punched Chang in the head several times and pushed him to the ground, causing Chang's head to strike the pavement. While Chang was on the ground, McKague punched him several more times and then left in a friend's car. Chang tried to get up, but he was dizzy and unable to stand for a time. Officer George Samuelson arrived at the store and noted that the side of Chang's face was extremely puffy. Officer Samuelson described Chang as seeming out of sorts, appearing distracted and stunned. Detective Sam Costello interviewed Chang and noted injuries to Chang's face and the back of his head.

¶3 Chang reported a headache and severe neck and shoulder pain to his doctor. He was diagnosed with a concussion without loss of consciousness, a scalp contusion and lacerations, and head and neck pain. He also had lacerations on his arm. A computed tomography scan showed a possible fracture of Chang's facial bones. Chang's neck and shoulder pain remained severe for more than a week, and residual pain lasted another two months. Police photographs taken three days after the assault showed bruising around Chang's eye.

¶4 McKague was charged with first degree robbery, with third degree theft as an inferior offense, and second degree assault predicated on the infliction of substantial bodily injury. At McKague's request, the court also instructed the jury on third degree assault as an inferior offense of second degree assault. The jury convicted McKague of third degree theft and second degree assault.

¶5 The Court of Appeals affirmed the convictions in a split decision. Judge Armstrong dissented on the issue of the sufficiency of the evidence of "substantial bodily harm." He specifically disagreed with the lead opinion's citation to a dictionary definition of the term "substantial" as includ-

(2007); *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 256-57, 111 P.3d 837 (2005); *State v. Smith*, 150 Wn.2d 135, 143, 75 P.3d 934 (2003), *cert. denied*, 541 U.S. 909 (2004). We decline to review the issue again here.

ing "something having substance or actual existence." *State v. McKague*, 159 Wn. App. 489, 520-21, 246 P.3d 558 (2011) (Armstrong, J., dissenting in part and concurring in part) (internal quotation marks omitted) (quoting lead opinion at 502 n.7). Judge Armstrong opined that under this definition, any cognizable injury would necessarily be "substantial." He would have held that the term "substantial" requires the harm to be considerable and that the State's evidence was insufficient to meet that standard.

¶6 We agree with Judge Armstrong that the majority applied an erroneous definition of "substantial," but we nonetheless affirm McKague's conviction because the evidence was sufficient to show that Chang's injuries were "substantial" under a proper definition.[2]

¶7 In a challenge to the sufficiency of the evidence the court views the evidence in the light most favorable to the State, deciding whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Mines*, 163 Wn.2d 387, 391, 179 P.3d 835 (2008). Second degree assault, as charged here, is committed when the defendant intentionally assaults another and thereby recklessly causes "substantial bodily harm." RCW 9A.36.021(1)(a). " 'Substantial bodily harm' " means a bodily injury involving a temporary but substantial disfigurement, a temporary but substantial loss or impairment of the function of any body part or organ, or a fracture of any body part. RCW 9A.04.110(4)(b). "Substantial" is not defined in the statute.

¶8 As noted, in its lead opinion the Court of Appeals applied the dictionary definition of " 'substantial' " as " 'something having substance or actual existence,' 'something having good substance or actual value,' 'something of moment,' and 'an important or material matter, thing, or

---

[2] This discussion is not meant to suggest that a jury must be instructed on the definition of "substantial." The issue in this case is whether the evidence was sufficient to prove substantial bodily harm, not whether the instructions were sufficient. The jury was instructed with the standard definition of substantial bodily harm. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 2.03.01, at 26 (3d ed. 2008). We express no opinion whether a jury should be further instructed on the definition of "substantial."

part.' " *McKague*, 159 Wn. App. at 503 n.7 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2280 (2002)). But the portion of the definition stating that "substantial" means "something having good substance or actual existence" would make practically any demonstrable impairment or disfigurement a "substantial" injury regardless of how minor. Thus, the definition would apparently render the term "substantial" meaningless, a result a court must avoid. *See State v. Hirschfelder*, 170 Wn.2d 536, 543, 242 P.3d 876 (2010). We hold instead that the term "substantial," as used in RCW 9A.36.021(1)(a), signifies a degree of harm that is considerable and necessarily requires a showing greater than an injury merely having some existence. While we do not limit the meaning of "substantial" to any particular dictionary definition, we approve of the definition cited by the dissent below: "considerable in amount, value, or worth." WEBSTER'S, *supra*, at 2280.

¶9 Applying the "considerable in amount, value, or worth" definition, we hold that the evidence here was sufficient to meet that standard. As discussed, McKague punched Chang in the head several times and pushed him to the ground, causing his head to strike the pavement. Chang's resulting facial bruising and swelling lasting several days, and the lacerations to his face, the back of his head, and his arm were severe enough to allow the jury to find that the injuries constituted substantial but temporary disfigurement. *See State v. Hovig*, 149 Wn. App. 1, 5, 13, 202 P.3d 318, *review denied*, 166 Wn.2d 1020 (2009) (red and violet teeth marks lasting up to two weeks constituted substantial bodily injury); *State v. Ashcraft*, 71 Wn. App. 444, 455, 859 P.2d 60 (1993) (bruises from being hit by shoe were temporary but substantial disfigurement). And Chang's concussion, which caused him such dizziness that he was unable to stand for a time, was sufficient to allow the jury to find that he had suffered a temporary but substantial impairment of a body part or an organ's function.[3] We therefore affirm the Court of Appeals

---

[3] While we hold that the evidence here was sufficient to support a finding of substantial bodily harm, we note that the Court of Appeals majority erroneously indicated that impairment of Chang's arm and shoulder caused by pain was sufficient to support a finding of substantial bodily harm. Pain, by itself, no longer constitutes substantial bodily harm. *See* RCW 9A.04.110(4)(b); *cf.* former RCW 9A.04.110(4)(b) (1988). And Chang did not testify that pain caused an impairment

holding that the State's evidence was sufficient on the "substantial bodily harm" element of second degree assault.

¶10 Finally, on July 12, 2011, McKague filed pro se motions seeking to admit still photographs from a surveillance video of the assault into the appellate record and seeking to file a supplemental petition for review adding arguments that McKague raised in the Court of Appeals but omitted from his original petition for review. Apparently, the video was admitted at trial but was not included in the appellate record. But the video may not properly be considered by this court because it was not before the Court of Appeals. *See* RAP 13.7(a)(1) (record in Court of Appeals is record on review in this court). And if McKague believes that the video was necessary to evaluate his claim that the evidence does not support the jury's verdict, he was obliged to make a good faith effort to include the video in the record on review. RAP 9.10. He fails to establish that he made such a good faith effort or that the present record is not sufficiently complete to permit a decision on the merits of his claim. *Id.* In his motion to file a supplemental petition for review, McKague seeks to add an argument challenging a jury instruction that he contends improperly required the jury to find recklessness in causing substantial bodily harm if it found that he intentionally assaulted Chang. McKague also seeks to add an argument asserting ineffective assistance of counsel based on his trial attorney's withdrawn request for a lesser degree offense instruction on fourth degree assault. But since McKague waited to file his motion to file a supplemental petition until well after the original petition was considered by a department of this court, the motion is clearly untimely.[4] For these reasons, we deny both of McKague's motions filed July 12, 2011.

¶11 The Court of Appeals is affirmed.

Reconsideration denied November 28, 2011.

---

of his arm or shoulder. Thus, the arm and shoulder pain would not have supported a finding of substantial bodily harm.

[4] We note that the Court of Appeals discussed and rejected both of the arguments that McKague seeks to raise in the proposed supplemental petition for review.