**FILED**
**JUNE 24, 2014**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31609-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BENJAMIN R. CAMDEN, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — A jury found Benjamin Camden guilty of first degree burglary and second degree assault after Mr. Camden hit an employee of the PDQ convenience store, causing the employee to suffer a serious concussion and two losses of consciousness. Mr. Camden appeals. He contends that the State's evidence was not sufficient to support the verdicts. He also contends that the trial court erred when it denied to instruct the jury on fourth degree assault and second degree criminal trespass.

We hold that a loss of consciousness is a temporary but substantial impairment of an organ, i.e., the brain, and, therefore, constitutes a second degree assault. We also hold that where, as here, the facts support a second degree assault, but not a fourth degree assault, a defendant is not entitled to a lesser degree instruction. We, therefore, affirm.

FACTS

Mr. Camden hit Steven Laws once in the face at the PDQ convenience store in Dayton, Washington, after Mr. Laws refused to sell Mr. Camden cigarettes or liquor a few days earlier. Mr. Laws, an employee of the store, immediately reported the incident to law enforcement. While he waited for the police, Mr. Laws performed other tasks, such as rewinding the video recording from the store security camera to review the incident. Mr. Laws's neck, upper back, and side of his head began to hurt. The pain shot down to both hands and his back.

Deputy Donald Foley arrived. Mr. Laws told Deputy Foley about the pain. The two men watched the security video. Deputy Foley recognized Mr. Camden. According to Deputy Foley, Mr. Camden appeared to strike Mr. Laws in the left side of the head with a closed fist. After watching the video, Deputy Foley noticed that Mr. Laws was still in pain. He became concerned that Mr. Laws may have a head injury. He saw that one of Mr. Laws's pupils was bigger than the other. Mr. Laws agreed to go to the hospital.

While at the hospital, advanced registered nurse practitioner (ARNP) Dawn Meicher examined Mr. Laws. She noted that Mr. Laws was confused about the date and time and that he lost consciousness twice. Mr. Laws was diagnosed with a grade three concussion and thoracic and cervical sprain/strain. He was released from the hospital

2

after a few hours and remained at home in bed for two days, unable to engage in his normal activities. For a few weeks after, Mr. Laws was tender, had limited range of motion, and felt pain.

ARNP Meicher reexamined Mr. Laws five days after the incident. She observed good range of motion in Mr. Laws's neck, but also found that Mr. Laws was still experiencing pain in his upper thoracic spine. She allowed Mr. Laws to return to work, but instructed him not to lift anything over 20 pounds for some time because he needed time to heal.

Mr. Camden was charged with and found guilty of first degree burglary and second degree assault. Mr. Camden appeals. He contends that sufficient evidence does not support the verdict for second degree assault. He also assigns error to the trial court's refusal to give jury instructions for fourth degree assault. In his statement of additional grounds for review (SAG), Mr. Camden challenges the evidence used to support his first degree burglary conviction and the trial court's denial to give a jury instruction on second degree criminal trespass.

## ANALYSIS

*Proof of Second Degree Assault.* In every criminal prosecution, due process requires that the State prove, beyond a reasonable doubt, every fact necessary to

3

constitute the charged crime. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). When a defendant challenges the sufficiency of the evidence, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992) (citing *State v. Green*, 94 Wn.2d 216, 220-22, 616 P.2d 628 (1980)). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id.* (citing *State v. Partin*, 88 Wn.2d 899, 906-07, 567 P.2d 1136 (1977)). Furthermore, "[a] claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* (citing *State v. Theroff*, 25 Wn. App. 590, 593, 608 P.2d 1254, *aff'd*, 95 Wn.2d 385, 622 P.2d 1240 (1980)).

According to the jury instructions, in order for Mr. Camden to be guilty of second degree assault, the jury had to find that Mr. Camden intentionally assaulted Mr. Laws, and, in doing so, recklessly inflicted substantial bodily harm on Mr. Laws. The instructions defined substantial bodily harm as "bodily injury that involves a temporary but substantial disfigurement, or that causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or that causes a fracture of any bodily part." Clerk's Papers (CP) at 157. "Substantial" means "'considerable in amount,

value, or worth.'" *State v. McKague*, 172 Wn.2d 802, 806, 262 P.3d 1225 (2011) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2280 (2002)).

In *McKague*, the Supreme Court concluded that the evidence was sufficient for the jury to find that the victim suffered a temporary but substantial impairment of a body part or an organ's function when the victim suffered a concussion, which caused dizziness and the inability to stand. *Id*. at 806-07. The court applied the definition of "substantial" and held that the State's evidence was sufficient to meet the substantial bodily harm element of second degree assault. *Id*.

Here, like in *McKague*, the evidence is sufficient to support the substantial bodily harm element of second degree assault. As a result of the assault, Mr. Laws suffered a substantial impairment of an organ's function. The assault caused Mr. Laws to suffer a serious concussion, loss of consciousness, and a cervical sprain or strain. While the loss of consciousness was brief, the loss was still considerable as it occurred twice and caused Mr. Laws to lose all ability to function. Sufficient evidence supports the substantial bodily harm element of second degree assault.

*Necessity of Lesser Offense Instruction.* "When determining if the evidence at trial was sufficient to support the giving of an instruction, the appellate court is to view the supporting evidence in the light most favorable to the party that requested the

instruction." *State v. Fernandez-Medina*, 141 Wn.2d 448, 455-56, 6 P.3d 1150 (2000).

"More specifically, a requested jury instruction on a lesser included or inferior degree

offense should be administered '[i]f the evidence would permit a jury to rationally find a

defendant guilty of the lesser offense and acquit him of the greater.'" *Id.* at 456

(alteration in original) (quoting *State v. Warden*, 133 Wn.2d 559, 563, 947 P.2d 708

(1997)).

An inferior degree instruction is appropriate when (1) the statutes for both the

charged offense and the inferior degree offense "'proscribe but one offense'"; (2) the

charged offense is divided into degrees, one of which is the inferior degree offense; and

(3) evidence establishes that the defendant committed only the inferior offense. *State v.*

*Tamalini*, 134 Wn.2d 725, 732, 953 P.2d 450 (1998) (quoting *State v. Foster*, 91 Wn.2d

466, 472, 589 P.2d 789 (1979)). To satisfy the third, factual component of the test for an

inferior degree offense instruction, the record must support a rational inference that the

defendant committed only the lesser degree offense to the exclusion of the greater

offense. *Fernandez-Medina*, 141 Wn.2d at 461.

Second degree assault, as charged here, occurs when a person "[i]ntentionally

assaults another and thereby recklessly inflicts substantial bodily harm."

RCW 9A.36.021(1)(a). Fourth degree assault occurs when a person assaults another,

6

"under circumstances not amounting to assault in the first, second, or third degree, or custodial assault." RCW 9A.36.041(1).

The trial court did not err in refusing to give an instruction for fourth degree assault. The factual prong of the test was not met: The evidence was undisputed that Mr. Laws suffered a serious concussion that resulted in two losses of consciousness. The record does not support a rational inference that the defendant committed only the fourth degree assault to the exclusion of second degree assault.

Mr. Camden was not entitled to a jury instruction for fourth degree assault.

*Statement of Additional Grounds for Review.* In his SAG, Mr. Camden contends that the evidence is insufficient to support the jury's finding of first degree burglary. He contends that video evidence shows that he did not enter the store.

As stated in Mr. Camden's jury instructions, "A person commits the crime of burglary in the first degree when he or she enters or remains unlawfully in a building with intent to commit a crime against a person or property therein, and if, in entering or while in the building or in immediate flight therefrom, that person or an accomplice in the crime assaults any person." CP at 141. "A person enters or remains unlawfully in or upon premises when he or she is not then licensed, invited, or otherwise privileged." CP at

7

144. "The term enter includes . . . the insertion of any part of the person's body." CP at 145.

The evidence is sufficient to support the jury's finding of guilt for first degree burglary. Viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt that Mr. Camden knew he was prohibited from entering store property and that he entered the store when his hand broke the plane of the doorway during the assault. Mr. Laws testified that he told Mr. Camden a few days before that he was not supposed to be at the store. Mr. Laws and Mr. Camden both testified that the parties met at the door. Mr. Camden stated that Mr. Laws was standing in the doorway, holding the door halfway open. The jury was shown a video of the incident and the State pointed out the point where Mr. Camden's hand passed inside the doorway when striking Mr. Laws.

While Mr. Camden testified that he did not know he was banned from the store and that his hand did not enter the store, these issues of conflicting testimony and credibility of witnesses are matters for the trier of fact and are not subject to review. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004). Drawing all reasonable inferences from the evidence in favor of the State, the evidence is sufficient to support the jury's finding of guilt.

Mr. Camden also contends that the trial court improperly denied his request to give an instruction for second degree criminal trespass. His contention fails. For a defendant to be entitled to a lesser offense instruction, two conditions must be satisfied. First, each of the elements of the lesser offense must be a necessary element of the crime charged. Second, the evidence must support an inference that the lesser crime was committed. *State v. Pacheco*, 107 Wn.2d 59, 68-69, 726 P.2d 981 (1986). These requirements are referred to as the "legal" and the "factual" prongs of the *Workman*[1] test. *State v. Rodriguez*, 48 Wn. App. 815, 817, 740 P.2d 904 (1987).

Here, the State charged Mr. Camden with first degree burglary. First degree burglary requires, in part, entry into a building. RCW 9A.52.020(1). Whereas, second degree criminal trespass requires, in part, proof that the defendant knowingly entered or remained unlawfully on the property of another. RCW 9A.52.080(1). The elements of second degree criminal trespass are not necessary elements of first degree burglary. Therefore, the defendant has not met the legal prong of the *Workman* test, and the trial court properly refused to instruct the jury on second degree criminal trespass.

Mr. Camden also complains that "almost everybody that was in the jury pool has either worked with the prosecutor or were really good friends with her and her family,

---

[1] *State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978).

No. 31609-2-III
*State v. Camden*

[and] I believe that my trial was not a fair trial and was biast [sic]. [O]ne juror told my wife they didn't look at the evidence they found me guilty so they could leave." SAG at 1. Mr. Camden fails to cite the record for these claimed errors, and we decline to search the record to find whether the claims are supported. RAP 10.10(c).

We affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Brown, J.                                 Siddoway, C.J.

10