# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                             )
             Respondent, )
                             )
       v.                     )
                             )
HAIDER T. AL-SHIBLAWI, )
B.D. 08/23/1997, )
                             )
             Appellant. )

No. 73839-9-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: January 23, 2017

TRICKEY, J. — Haider Al-Shiblawi appeals his adjudication of guilt of assault in the second degree. Al-Shiblawi argues that his right to effective assistance of counsel was violated when his trial counsel failed to object to a doctor's testimony on the ground that it violated the confrontation clause. Al-Shiblawi was not prejudiced by the admission of the doctor's testimony because the outcome of the proceedings would not be changed by its omission. Therefore, he did not receive ineffective assistance of counsel. We affirm.

## FACTS

On March 26, 2014, Al-Shiblawi attacked I.M., a juvenile, at Thomas Jefferson High School during lunchtime. Al-Shiblawi approached I.M., briefly conversed with him, and suddenly struck I.M. in the head. I.M. fell down, and Al-Shiblawi repeatedly punched and kicked him while he was on the ground. I.M. did not fight back.

Federal Way Police Officer Travis Tilford is assigned to Thomas Jefferson High School as a school resource officer. Officer Tilford and Dean of Students Christian Storm were standing in the cafeteria when a female student alerted them

about the altercation. Officer Tilford ran to the area, observed that Al-Shiblawi was repeatedly kicking I.M., and arrested Al-Shiblawi. The incident was captured on surveillance video and a cell phone video.

Immediately after the incident, I.M. felt intense pain in the right side of his forehead, the back of his head was throbbing, and his lower lip was bleeding. He was nauseous and could not get up or walk. I.M. was taken to Multicare Auburn Medical Center's emergency room for treatment. Physician's Assistant Carol Firmhart examined I.M. and prepared a medical report that included a diagnosis of a head injury and a scalp hematoma.

The State charged Al-Shiblawi by amended information with assault in the second degree, and alternatively with assault in the third degree.

At trial, Officer Tilford narrated the surveillance video of the incident in open court. The court admitted several photographs of I.M.'s injuries into evidence. The pictures taken soon after the incident showed that I.M. had a knot over his right eye, and facial lacerations and swelling. Pictures taken two to five days after the incident showed bruising on I.M.'s scalp, bruising around and over his right eye, and a cut on his lower lip.

I.M. testified that he was nauseous for three days and had a headache for two days after the incident. He could not move freely for a week. His facial bruising took two weeks to fade, and the knot on his forehead took a month to go down. He further testified that the bruised area of his scalp was still painful two months after the incident.

Dr. Gregory Lopez testified about I.M.'s medical condition. Physician's Assistant Firmhart did not testify. Dr. Lopez testified that, pursuant to hospital procedure, he had reviewed the medical report and signed off on it when it had been created. Dr. Lopez testified that he did not have any personal knowledge of I.M., and did not examine him. Dr. Lopez based his testimony on the medical report.

Over the defense's hearsay objection, the court permitted Dr. Lopez to testify about the medical report under the business records exception. Al-Shiblawi did not raise a confrontation clause objection to Dr. Lopez's testimony at trial. The medical record itself was not admitted as an exhibit.

Dr. Lopez was not offered as an expert witness by the State. The State's witness list did not state that Dr. Lopez would testify as an expert witness.

The court found Al-Shiblawi guilty of assault in the second degree causing substantial bodily harm.

Al-Shiblawi appeals.

## ANALYSIS

Al-Shiblawi argues that his right to effective assistance of counsel was violated when his attorney failed to object to Dr. Lopez's testimony on the ground that it violated the Sixth Amendment confrontation clause. Because the evidence shows that there is not a reasonable probability that the outcome of the proceedings would have changed without Dr. Lopez's testimony, we disagree.

A criminal defendant has a right to effective assistance of counsel. WASH. CONST. art. I, § 22; In re Pers. Restraint of Yung-Cheng Tsai, 183 Wn.2d 91, 99,

351 P.3d 138 (2015) (citing Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). To show ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. Strickland, 466 U.S. at 687. If a party fails to satisfy either the deficiency or the prejudice prong, a reviewing court need not consider the other. State v. Foster, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

Deficient performance occurs when counsel's performance cannot be attributed to any conceivable legitimate tactic. State v. Carson, 184 Wn.2d 207, 218, 357 P.3d 1064 (2015) (quoting State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011)). Reviewing courts are highly deferential to counsel's performance, and "'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" Carson, 184 Wn.2d at 216 (quoting Strickland, 466 U.S. at 690).

To show prejudice, the defendant must show that "'there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.'" Grier, 171 Wn.2d at 34 (quoting State v. Kyllo, 166 Wn.2d 856, 862, 215 P.3d 177 (2009)).

"Ineffective assistance of counsel is a fact-based determination, and we review the entire record in determining whether a defendant received effective representation at trial." Carson, 184 Wn.2d at 215-16.

Al-Shiblawi argues that his trial counsel was deficient for not objecting to the admission of Dr. Lopez's testimony. But he has not shown that he was

prejudiced by the admission of Dr. Lopez's testimony. The State had to prove that I.M. suffered substantial bodily harm. Dr. Lopez's testimony was offered in support of this element. But even without Dr. Lopez's testimony, sufficient evidence was admitted that there is no reasonable probability that the outcome of the proceedings would have been different.

"A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree . . . [i]ntentionally assaults another and thereby recklessly inflicts substantial bodily harm." RCW 9A.36.021(1)(a). "'Substantial bodily harm' means a bodily injury involving a temporary but substantial disfigurement, a temporary but substantial loss or impairment of the function of any body part or organ, or a fracture of any body part." State v. McKague, 172 Wn.2d 802, 805, 262 P.3d 1225 (2011) (internal quotation marks omitted) (quoting RCW 9A.04.110(4)(b)). In the context of assault in the second degree, facial bruising and swelling lasting several days, lacerations to the face, back of the head, and arm, and a concussion are sufficient to constitute "[s]ubstantial bodily harm." McKague, 172 Wn.2d at 806 (citing State v. Hovig, 149 Wn. App. 1, 5, 13, 202 P.3d 318 (2009); State v. Ashcraft, 71 Wn. App. 444, 455, 859 P.2d 60 (1993)).

The State offered into evidence photographs of I.M.'s injuries showing a knot over his right eye, facial lacerations and swelling, bruising on his scalp, and a cut on his lower lip. I.M. testified that he could not move freely for a week after the incident, and several injuries remained painful for a long time afterward. The trial court analogized to State v. McKague to find that I.M. had suffered substantial

bodily injury. The trial court found that I.M. had two black eyes, a cut on his lower lip, a large hematoma on his forehead that lasted several months, and a one and a half inch laceration on the hematoma. Dr. Lopez's testimony primarily concerned the diagnosis of a hematoma, not I.M.'s other injuries.

Even excluding Dr. Lopez's testimony, overwhelming evidence shows the extent of I.M.'s injuries. There is no reasonable probability that the outcome of the proceedings would have been different had Dr. Lopez's testimony not been admitted. Therefore, Al-Shiblawi has not shown that he was prejudiced by counsel's failure to object to Dr. Lopez's testimony on the ground that it violated the confrontation clause, and has not carried his burden of showing ineffective assistance of counsel.

Because Al-Shiblawi has not carried his burden of showing prejudice necessary to maintain an ineffective assistance of counsel claim, we need not decide whether Al-Shiblawi's trial counsel's performance was deficient for not raising a confrontation clause objection to Dr. Lopez's testimony.

Affirmed.

_Trickey, J_

WE CONCUR: