IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34361-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ISRAEL SANCHEZ-FABIAN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Israel Fabian challenges the sufficiency of evidence for his

conviction for second degree assault arising from his attack on a prison cell mate. Fabian

contends the State failed to prove he inflicted substantial injury, an element of second

degree assault, on his victim. He also complains that the trial court interrupted his

testimony and the court's interruption thereafter intimidated him from testifying. We

affirm Fabian's conviction.

FACTS

This prosecution arises from an altercation between Israel Fabian and Ignacio

Cobos. The two shared a cell at Connell's Coyote Ridge Corrections Center. On August

10, 2015, Fabian attacked Cobos with fist punches to the head and facial area.

Department of Corrections officers responded to the thumping, ordered Fabian to cease

the blows, and wrestled him to the ground when he disobeyed.

Registered Nurse Jeff Nelson treated Ignacio Cobos for multiple bruises, swelling, facial lacerations, scratches, and the "appearance of a broken nose or deviated septum." Report of Proceedings (RP) at 71-72. A deviated septum occurs when the thin wall between the nostrils shifts to one side. Cobos' nose, consistent with a deviated septum, deviated to the right and bled at the bridge. The boxes from Israel Fabian rendered Cobos confused and in shock. For three months, Cobos suffered pain in his ribs.

## PROCEDURE

The State of Washington charged Israel Fabian with assault in the second degree. During the trial, Ignacio Cobos testified he did not remember being Fabian's cellmate or any altercation with Fabian.

During trial, Registered Nurse Jeff Nelson testified about treating Ignacio Cobos:

> Q. Do you recall what you treated Mr. Cobos for?
> A. Multiple bruises, swelling, lacerations, scratches around the face and the appearance of a deviated septum. Got an order from Doctor Rendleman to verify that.
>
> . . . .
> THE WITNESS: Okay. He had multiple bruises, swelling, scratches, lacerations to his face, forehead, brows. The appearance of a broken nose or deviated septum. We got him x-rayed to confirm that.

RP at 71-72.

Israel Fabian's trial attorney informed him of his right to testify and not to testify. Fabian elected to testify in his defense. Fabian admitted striking Ignacio Cobos. Fabian

2

declared that Cobos pressured him into joining a prison gang and sharing a room with him. The trial court, from a concern that the Department of Corrections might issue Fabian an infraction based on this testimony, interrupted Fabian's testimony. The wise trial court requested Fabian's counsel outline the risks of his testimony in order to ensure Fabian knowingly and intelligently waived his right to remain silent. After a brief discussion with his attorney, Fabian continued his testimony.

Israel Fabian testified that Ignacio Cobos frequently showed anger because Fabian failed to clean the cell to the specifications of Cobos. Fabian also averred that Cobos threatened to kill him. On cross-examination Fabian explained:

> I didn't want to hit him, but he made me get mad with the things he did to me. I wanted to resolve the things the right way. I wanted them to get me out of that room, but I wasn't able to get it.

RP at 98.

After the State cross-examined Israel Fabian, Fabian's attorney asked questions on redirect. Fabian never refused to testify, and the trial court never prohibited him from offering testimony. Fabian answered approximately forty questions after the trial court interrupted his testimony.

The jury found Israel Fabian guilty of second degree assault. The trial court sentenced Fabian to twenty months' incarceration. The court waived imposing legal financial obligations for the court appointed attorney and court costs.

The trial court found Israel Fabian indigent for purposes of appeal. Fabian

attached a statement of continued indigency to his opening brief. He claims no assets, a fourth-grade education, three children, $1,100.00 in legal financial obligations, and a history of working seventy hours per week performing food preparation at $11.25 per hour.

## LAW AND ANALYSIS

*Issue 1: Whether sufficient evidence supported the substantial bodily injury element of Israel Fabian's conviction for second degree assault.*

*Answer 1: Yes.*

Israel Fabian requests us to reverse his conviction for second degree assault because the State failed to prove he inflicted substantial bodily injury on Ignacio Cobos. He argues Registered Nurse Jeff Nelson lacked qualifications to diagnose a broken nose or deviated septum and thus the State lacked sufficient evidence of a fracture or substantial disfigurement. The State responds that the evidence supports a jury finding that Cobos sustained a fractured bone. The State adds that substantial disfigurement and bruising alone suffices to establish substantial bodily injury. We agree with the State.

Evidence suffices to convict if a rational trier of fact could find each element of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). Both direct and indirect evidence may support the jury's verdict. *State v. Brooks*, 45 Wn. App. 824, 826, 727 P.2d 988 (1986). When reviewing evidence, this court draws all reasonable inferences in favor of the State. *State v. Partin*, 88 Wn.2d 899,

4

906-07, 567 P.2d 1136 (1977). Only the trier of fact weighs the evidence and judges the credibility of witnesses. *State v. Carver*, 113 Wn.2d 591, 604, 781 P.2d 1308, 789 P.2d 306 (1989).

Israel Fabian asserts that the testimony of Jeff Nelson failed to establish Ignacio Cobos' injuries because Nelson is not a doctor and only a physician may testify as an expert and diagnose medical conditions. We disagree. During trial, Fabian failed to object to the qualifications of Nelson to testify to Cobos' injuries. Fabian also fails to provide any authority on appeal requiring a physician's medical diagnosis of injuries for purposes of proving a crime. No case or statute requires testimony of a doctor to establish substantial bodily injury in a criminal assault prosecution. Finally, Nelson testified that a doctor and x-ray confirmed Cobos' injuries. When mentioning Cobos' broken nose or deviated septum, Nelson testified that he "[g]ot an order from Doctor Rendleman to verify that" and "[w]e got him x-rayed to confirm that." RP at 71-72.

The State did not even need to prove a fractured bone to convict Israel Fabian of second degree assault. RCW 9A.36.021(1) declares:

> A person is guilty of assault in the second degree if he or she . . . [i]ntentionally assaults another and thereby recklessly inflicts substantial bodily harm.

RCW 9A.04.110(4)(b) defines "substantial bodily harm":

> "Substantial bodily harm" means bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but

5

substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily part.

The statute references a "fracture" as an alternate basis for a conviction.

Neither RCW 9A.36.021 or RCW 9A.04.110 define "substantial." The dictionary definition of "substantial" is "'something having substance or actual existence,' 'something having good substance or actual value,' 'something of moment,' and 'an important or material matter, thing, or part.'" *State v. McKague*, 172 Wn.2d 802, 805-06, 262 P.3d 1225 (2011) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2280 (2002)). The term "substantial," as used in RCW 9A.36.021(1)(a), signifies a degree of harm that is considerable and necessarily requires a showing greater than an injury merely having some existence. Our state high court has not limited the meaning of "substantial" to any particular dictionary definition, but the court has held the harm must be considerable in amount, value, or worth. *State v. McKague*, 172 Wn.2d at 806.

In *State v. McKague*, 172 Wn.2d 802, defendant Jay McKague punched Kee Ho Chang in the head several times and pushed him to the ground, causing his head to strike the pavement. The Supreme Court ruled that Chang's resulting facial bruising and swelling lasting several days, and the lacerations to his face, the back of his head, and his arm were severe enough to allow the jury to find that the injuries constituted substantial but temporary disfigurement. In *State v. Hovig*, 149 Wn. App. 1, 5, 202 P.3d 318 (2009), this court held that red and violet teeth marks lasting up to two weeks constituted

6

substantial bodily injury. In *State v. Ashcraft*, 71 Wn. App. 444, 455, 859 P.2d 60 (1993), we ruled that bruises from being hit by a shoe were temporary but substantial disfigurement.

Jeff Nelson testified that Ignacio Cobos suffered, in addition to a broken nose or deviated septum, multiple bruises, swelling, facial lacerations, and scratches. For three months, Cobos suffered pain in his ribs. Based on precedent, these injuries qualify as substantial bodily harm.

*Issue 2: Whether the trial court's warning to Israel Fabian about incriminating himself violated any right of Fabian?*

*Answer 2: No.*

Israel Fabian filed a statement of additional ground wherein he contends the trial court frightened him into silence by interrupting his testimony to explain the potential negative consequences of his testimony about joining a gang. Fabian claims the warning jolted him into remaining silent when he possessed the right to testify on his behalf. We reject Fabian's contention as counterfactual. Fabian also cites no legal authority supporting his position that a trial court should not warn an accused of potentially incriminating himself in an unrelated crime.

The trial court interrupted Israel Fabian's testimony from a concern the Department of Corrections would issue Fabian infractions based on his testimony. Nevertheless, Fabian never refused to testify, and the trial court never prohibited him

7

from offering testimony. Fabian answered approximately forty questions after the trial court interrupted his testimony. We compliment the trial court for taking steps to preserve the accused's constitutional rights.

## CONCLUSION

We affirm Israel Fabian's conviction for second degree assault. Because of Fabian's indigency and other legal financial obligations, we deny the State costs on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

8