# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49064-1-II |
| Respondent, | |
| v. | |
| DAVID ROBERT McBATH, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, P.J. — David R. McBath appeals his jury trial conviction for second degree assault. He argues that the evidence is insufficient to support the assault conviction. We affirm.

## FACTS

In February 2016, McBath, his father, Harvey McBath, and his stepmother, Sherrill McBath, were in their home where they lived together. Sherrill[1] and McBath began to argue in the kitchen. The argument escalated, and McBath knocked Sherrill unconscious. Two days later, Sherrill reported the incident to Bonney Lake Police and provided Pierce County Sheriff's Deputy Mark Rickerson with photographs of her injuries. Deputy Rickerson went to the house, spoke with McBath and Harvey, and arrested McBath. McBath was subsequently charged with second degree assault.

---

[1] For clarity, we refer to Harvey and Sherrill McBath by their first names. No disrespect is intended.

At trial, Sherrill testified that McBath came at her aggressively and grabbed a glass coffee pot out of her hand. Sherrill then retreated to the living room where Harvey was watching television. She told Harvey that McBath was coming after her. That was the last thing she remembered before she lost consciousness. Sherrill was unconscious for two to three minutes.

When Sherrill woke up, she was covered in blood and surrounded by the shattered remains of the coffee pot. Sherrill did not seek medical care until the following day. Sherrill was unable to recall any other details about the incident.

Based on Sherrill's recollection of events, emergency room physician Dr. Scott Haight provisionally diagnosed Sherrill with "assault," "closed head injury," "concussion," "laceration," and "contusion." 3 Report of Proceedings at 190. Dr. Haight testified that Sherrill's difficulty in recalling details surrounding the incident was consistent with symptoms of a concussion. Sherrill was treated for a concussion, lacerations, and a contusion. Sherrill's physical injuries consisted of a concussion, a laceration to the back of the head, a laceration on the left side of her forehead, two black eyes, and bruising on her left arm and right wrist. Photographs of her injuries were admitted into evidence.

Harvey testified that Sherrill fell after she was hit in the head with the coffee pot but that he did not see McBath throw it. Harvey witnessed Sherrill running into the living room empty-handed and subsequently falling forward on her face, surrounded by glass. McBath did not testify.

The trial court instructed the jury that to find McBath guilty of second degree assault, the State had to prove that McBath intentionally assaulted Sherrill and thereby recklessly inflicted substantial bodily harm. The jury found McBath guilty of second degree assault.

ANALYSIS

McBath argues that the evidence was insufficient to support a conviction for second degree assault because Sherrill did not recall the actual moment of touching and no witnesses directly viewed the event. The State argues that the evidence was sufficient. We agree with the State and affirm.

I. PRINCIPLES OF LAW

When we review sufficiency of the evidence challenges, we determine whether the evidence, viewed "'in a light most favorable to the State, [is such that] any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Sweany*, 174 Wn.2d 909, 914, 281 P.3d 305 (2012) (internal quotation marks omitted) (quoting *State v. Randhawa*, 133 Wn.2d 67, 73, 941 P.2d 661 (1997)). Sufficiency of the evidence is reviewed de novo. *State v. Berg*, 181 Wn.2d 857, 867, 337 P.3d 310 (2014).

Circumstantial and direct evidence are to be considered equally reliable. *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004). "Deference must be given to the trier of fact who resolves conflicting testimony and evaluates the credibility of witnesses and the persuasiveness of material evidence." *State v. Carver*, 113 Wn.2d 591, 604, 781 P.2d 1308, 789 P.2d 306 (1989).

II. CIRCUMSTANTIAL EVIDENCE, ALTERNATIVE THEORY, AND VICTIM'S TESTIMONY

McBath argues that because the evidence supporting the State's theory as to how Sherrill got hurt was purely circumstantial and there could be an alternative theory as to how Sherrill was injured, there is insufficient evidence to support the second degree assault conviction. We disagree.

McBath argues that Sherrill's testimony is circumstantial evidence and, therefore, fails to support the State's theory of how Sherrill was injured. He construes Sherrill's testimony in a light most favorable to himself, not the State, and asserts that the evidence presented supports an alternative theory as to how Sherrill was injured.

But circumstantial evidence and direct evidence are considered equally reliable. *Thomas*, 150 Wn.2d at 874. And in a sufficiency challenge, the defendant admits the truth of the State's evidence. *State v. Condon*, 182 Wn.2d 307, 314, 343 P.3d 357 (2015). All reasonable inferences "'"must be drawn in favor of the State and interpreted most strongly against the defendant."'" *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014) (quoting *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)). Also, credibility determinations are made by the trier of fact and are not subject to review. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014). Here, when the evidence, and all reasonable inferences from the evidence, is viewed in a light most favorable to the State, sufficient evidence supports McBath's second degree assault conviction.

### III. SUFFICIENCY OF THE EVIDENCE

To support a second degree assault conviction, the State had to prove that McBath intentionally assaulted Sherrill and thereby recklessly inflicted substantial bodily harm. RCW 9A.36.021(1)(a).

### A. INTENT

"A person acts with intent or intentionally when [he] acts with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a). Intent can be inferred from all facts and circumstances. *State v. Wilson*, 125 Wn.2d 212, 217, 883 P.2d 320 (1994).

4

Here, viewing the evidence in the light most favorable to the State, there is sufficient evidence to support an inference that McBath intentionally assaulted Sherrill. Sherrill testified that McBath came at her aggressively, grabbed the coffee pot out of her hands, and forced her to retreat. Sherrill told Harvey that McBath was after her. While Sherrill did not recall the blow to the back of the head itself, she awoke to blood running down her face, surrounded by broken glass from the coffee pot. Harvey testified that Sherrill came into the living room empty-handed and was struck by a coffee pot while only Harvey, Sherrill, and McBath were present. Harvey testified that Sherrill fell forward onto her face. This evidence supports a reasonable inference that McBath intentionally struck Sherrill in the back of the head with the coffee pot. *See Wilson*, 125 Wn.2d at 217.

## B. RECKLESSNESS

"A person is reckless or acts recklessly when [he] knows of and disregards a substantial risk that a wrongful act may occur and [his] disregard of such substantial risk is a gross deviation from conduct that a reasonable person would exercise in the same situation." RCW 9A.08.010(1)(c). "Whether an act is reckless depends on both what the defendant knew and how a reasonable person would have acted knowing these facts." *State v. R.H.S.*, 94 Wn. App. 844, 847, 974 P.2d 1253 (1999). The trier of fact is permitted to find actual subjective knowledge if there is sufficient information that would lead a reasonable person to believe that a fact exists. *State v. Johnson*, 119 Wn.2d 167, 174, 829 P.2d 1082 (1992).

Here, sufficient evidence supports an inference that McBath acted recklessly. McBath came at Sherrill aggressively and grabbed a glass coffee pot out of her hand. Sherrill was retreating from McBath when she lost consciousness. When she woke up, she was covered in blood and

5

surrounded by the shattered remains of the coffee pot. Sherrill and Harvey testified that Sherrill was hit on the head with a coffee pot. Based on this evidence, a reasonable person would believe that McBath hit Sherrill on the head, knowing that such an act could cause her substantial injury, but disregarded the risk. Thus, sufficient evidence supports the jury's finding that McBath knew that hitting Sherrill on the head with a glass coffee pot could cause substantial bodily harm but acted recklessly by disregarding that risk.

### C.  SUBSTANTIAL BODILY HARM

"'Substantial bodily harm'" is defined as bodily injury "which involves a temporary but substantial disfigurement, . . . or loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily part." RCW 9A.04.110(4)(b). Substantial, as used in RCW 9A.36.021, "signifies a degree of harm that is considerable and necessarily requires a showing greater than an injury merely having some existence." *State v. McKague*, 172 Wn.2d 802, 806, 262 P.3d 1225 (2011) (holding that a concussion was sufficient to allow the jury to find that the victim had suffered substantial bodily harm for second degree assault).

Here, sufficient evidence supports the substantial bodily harm element of second degree assault. Photographs depicting Sherrill's injuries were presented to the jury. Sherrill suffered a concussion, a laceration to the back of the head, a laceration on the left side of her forehead, two black eyes, and bruising on her left arm and right wrist. Holding that the injuries Sherrill sustained to the *McKague* standard, there is sufficient evidence to demonstrate that Sherrill sustained substantial bodily harm. *See* 172 Wn.2d at 806.

Thus, viewing the evidence in the light most favorable to the State, any rational trier of fact could find that McBath intentionally struck Sherrill in the back of the head with the coffee pot,

recklessly causing her substantial injury. Sufficient supports McBath's second degree assault conviction.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, P.J.

We concur:

LEE, J.

MELNICK, J.