# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>JEFFREY WAYNE WELLER,<br><br>                         Petitioner. | No. 52289-6-II<br><br><br><br>UNPUBLISHED OPINION |
| In the Matter of the<br>Personal Restraint of<br><br>SANDRA DOREEN WELLER, aka SANDRA<br>GRAF<br><br>                         Petitioner. | (consolidated with No. 52302-7-II) |

LEE, J. — Jeffrey Weller seeks relief from personal restraint imposed as a result of his 2013 convictions for five counts of second degree assault, one count of unlawful imprisonment, one count of third degree assault of a child, and two counts of fourth degree assault. Sandra Weller seeks relief from personal restraint imposed as a result of her 2013 convictions for four counts of second degree assault and one count of unlawful imprisonment.[1] They raise a multitude of issues.

---

[1] For purposes of clarity, we refer to the Wellers by their first names. Their cases were consolidated for trial and direct appeal. We issued the mandate of their second direct appeal on August 23, 2017, making their August 22, 2018 and August 23, 2018 petitions timely filed. RCW 10.73.090(3)(b). Sandra and Jeffrey moved to consolidate their petitions, which we granted. They also adopt each other's petitions.

Sandra's Issue 1 and part of Jeffrey's Issue 1. Sandra and Jeffrey argue that the State committed prosecutorial misconduct when it (1) orchestrated perjury of the State's witnesses and vouched for their credibility, (2) used false evidence and failed to correct it, (3) failed to investigate possible biases of the witnesses against them, (4) failed to disclose that the police had decided to remove the children from the house before coming to the house to perform a welfare check, (5) failed to preserve the alleged crime scene and mishandled the evidence of a board allegedly used against the children, and (6) prejudicially handled the board in front of the jury.[2] But they do not present evidence of perjury or vouching; they present only their interpretation of the witnesses' testimony. Similarly, what they describe as false evidence is their interpretation of the evidence and does not demonstrate its falsity. They assert that they were prejudiced by the failure to investigate the biases of witnesses against them, but do not demonstrate how, other than to assert that others were responsible for the crimes they were found guilty of. They do not demonstrate prejudice from any decision by the police to remove the children before conducting the welfare check; the validity of the welfare check and subsequent discovery of evidence was affirmed in their first direct appeal. The Wellers do not demonstrate prosecutorial misconduct.

Sandra's Issue 2 and part of Jeffrey's Issue 1. Sandra and Jeffrey argue that the State suppressed and failed to disclose potentially exculpatory evidence by (1) withholding Child Protective Services records as to other children who could have committed the assaults, (2) not disclosing evidence of professional misconduct by the State's witnesses, (3) preventing them from access to the mental health records of those other children, (4) failing to disclose biases and

---

[2] Sandra also argues that the police planted evidence and tampered with photographs. But she presents no evidence to support her claims.

personal gains of the witnesses. But other than speculation, they do not present any potentially exculpatory evidence that was not disclosed by the State.

Jeffrey's Issue 2. Jeffrey challenges the findings of deliberate cruelty leading to their exceptional sentences. But we affirmed their exceptional sentence in their second direct appeal, consolidated Nos. 48056-5-II and 48106-5-II. Unless he shows that the interests of justice require it, he cannot raise these arguments again in this petition. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835, 870 P.2d 964 (1994). He makes no such showing.

Sandra's Issue 3. Sandra argues that she has newly discovered evidence that she and Jeffrey were framed. But she does not show that the evidence she cites (e-mails and claimed conflicts of interest) constitute newly discovered evidence that would warrant relief from restraint. She fails to show that the e-mails were material to the case and fails to present competent evidence of conflicts of interest.

Jeffrey's Issue 3. Jeffrey argues that the evidence he committed assault with a bike lock was introduced without warning and the picture of the alleged bike lock injury was actually a puberty pimple. He does not demonstrate that the introduction of the evidence denied him due process or that the trial court abused its discretion in admitting the photograph.

Jeffrey also argues that he could not have been found guilty of second degree assault under RCW 9A.36.021(1)(c) because the board used to strike the victims was not a "deadly weapon" and could not have been found guilty of third degree assault of a child under RCW 9A.36.031(1)(d) and RCW 9A.36.140 because the board was not "a weapon or other instrument or thing likely to produce bodily harm." But the board was an instrument capable of causing substantial bodily

harm, *State v. McKague*, 172 Wn.2d 802, 805, 262 P.3d 1225 (2011), so the jury could have found Jeffrey guilty of both second degree assault and third degree assault of a child.

Finally, Jeffrey argues that the jury instructions were confusing. However, he does not demonstrate such confusion.

Sandra's Issue 4. Sandra argues that the trial court erred in denying their CrR 3.6 motion to suppress the board, asserting that the police officers perjured themselves in their testimony about the seizure of the board. But the perjury she asserts is her interpretation of the testimony, not evidence of perjury.

Sandra's Issue 5. Sandra argues that she received ineffective assistance of trial counsel because her counsel did not (1) investigate and interview witnesses, (2) call medical and mental health expert witnesses, (3) impeach a police officer with the officer's disciplinary history, or (4) object to witnesses commenting on the veracity or credibility of other witnesses. To establish ineffective assistance of counsel, she must demonstrate that her counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of her case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We presume strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011).

Sandra does not show either deficient performance or resulting prejudice. She does not present evidence of what the other witnesses would have said, what medical and mental health experts would have said, that the officer's disciplinary history was of an impeaching nature, or that witnesses improperly commented on the veracity or credibility of other witnesses. Sandra does not demonstrate ineffective assistance of trial counsel.

Sandra's Issue 6. Sandra argues that the State failed to present sufficient evidence that she committed unlawful imprisonment because it did not prove that they restrained their daughter "without legal authority" as required under former RCW 9A.40.010(1) (1975) and former RCW 9A.40.040 (1975). She contends that she had the legal authority to restrain their own children because they were "dangerously mentally ill," relying on *State v. Warfield*, 103 Wn. App. 152, 5 P.3d 1280 (2000). Sandra Pet. at 40.

Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the State, any rational trier of fact can find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). All reasonable inferences from the evidence are drawn in favor of the State and interpreted most strongly against the defendant. *Salinas*, 119 Wn.2d at 201. A claim of insufficiency of the evidence "admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201. Circumstantial and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). "Credibility determinations are for the trier of fact and cannot be reviewed on appeal." *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

The State presented evidence that the Wellers repeatedly locked their daughter in a bedroom with the interior door handle removed and with no safe means of escape. While they dispute this evidence, it is sufficient for the jury to find that they had exceeded their legal authority over their daughter and were therefore guilty of unlawful imprisonment. Sandra also suggests that because the jury did not find them guilty of unlawful imprisonment of one of their daughters, it could not find them guilty as to the other daughter. But as noted above, the State presented sufficient evidence as to that daughter.

Sandra's Issue 7. Sandra argues that the prosecutor committed misconduct by (1) engaging in dramatic demonstrations with the board, (2) referred to "torture," (3) encouraged the State's expert to misrepresent the victims' physical conditions, (4) arguing "how criminal" it was that they fed the victims cold sauerkraut or collard greens cooked in Crisco or lard, and (5) arguing "how criminal" it was for them to have security devices, including cameras, in their home. Sandra Pet. at 9-10. But Sandra does not show that her trial counsel objected to the prosecutor's arguments. Therefore, she must show that the misconduct was so flagrant and ill intentioned that the resulting prejudice could not be remedied with a curative instruction. *State v. Emery*, 174 Wn.2d 741, 760-61, 278 P.3d 653 (2012). And she must show a substantial likelihood that the misconduct affected the jury's verdict. *Emery*, 174 Wn.2d at 761. She shows neither. The prosecutor's arguments appear to have been consistent with the evidence, albeit not with the evidence as she construes it. The State's arguments were not flagrant or ill intentioned.

6

Neither Sandra nor Jeffrey present any grounds for relief from restraint. We, therefore, deny their petitions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

, A.C.J.

LEE, A.C.J.

We concur:

SUTTON, J.

GLASGOW, J.