179 P.3d 835 (2008)
STATE of Washington, Respondent,
v.
John E. MINES, Jr., Appellant.
No. 80587-3.
Supreme Court of Washington, En Banc.
Argued February 14, 2008.
Decided April 3, 2008.
Jeffrey Erwin Ellis, Ellis Holmes & Witchley PLLC, Seattle, for Appellant.
Steven J. Tucker, Spokane County Prosecutor's Office, Andrew J. Metts, III, Spokane, Pamela Beth Loginsky, Washington Assn. of Prosecuting Attorneys, Olympia, for Respondent.
King County Prosecutor's Office, James Morrissey Whisman, Seattle, for Amicus Curiae on behalf of Washington Association of Prosecuting Attorneys.
C. JOHNSON, J.
¶ 1 This case asks us to determine whether sufficient evidence supports John Edward Mines, Jr.'s convictions for rape, kidnapping, and assault.[1] We affirm the trial court.

*836 FACTS
¶ 2 In November 2002, Jennifer Robinson was walking home late at night after visiting a residence where she had smoked cocaine and ingested heroin. A van, containing three men unknown to her, stopped and offered her a ride. She accepted and was seated in the back of the van with one of the men. Robinson asked them if they had any drugs. The man in the back, later identified as John Edward Mines, Jr., asked Robinson to perform oral sex. She refused and asked to be let out of the van. The driver did not stop the van, and Robinson was severely beaten when she tried to escape. Robinson then lost consciousness for a short period of time. When she awoke, she was threatened with death several times and a plastic soda bottle and screwdriver were inserted into her anus and vagina. Eventually she was thrown out of the van in an isolated wooded area. She crawled to a residence and reported the rape.
¶ 3 Robinson was taken to a hospital where she was examined and treated for multiple injuries, including contusions on her face, back, and arms. The physician informed police officers that she had been raped, severely beaten, and strangled.
¶ 4 Robinson picked Mines' picture from a photo montage and, after an investigation by the Spokane Police Department, Mines was arrested and charged with rape, kidnapping, and assault. A jury found him guilty of all three charges. Pursuant to former RCW 9.94A.712 (2001) Mines was sentenced to an indeterminate life sentence and given an exceptional minimal sentence by the sentencing judge who found, upon motion by the State, the crimes were committed with deliberate cruelty. Mines appealed.
¶ 5 Division Three of the Court of Appeals issued an unpublished opinion on June 1, 2005, remanding the case for resentencing pursuant to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). State v. Mines, noted at 128 Wash.App. 1001, 2005 WL 1364935 (2005). Upon motion for reconsideration, the court withdrew the opinion on June 9, 2005. The court stayed further proceedings pending decisions in State v. Borboa, 157 Wash.2d 108, 135 P.3d 469 (2006), and State v. Clarke, 156 Wash.2d 880, 134 P.3d 188 (2006) (holding that exceptional minimum sentences under the indeterminate sentencing scheme of RCW 9.94A.712 do not violate Blakely where the exceptional minimum sentence does not exceed the statutory maximum and where substantial and compelling reasons exist for imposing an exceptional sentence). On February 8, 2007, both parties were directed to submit supplemental briefs concerning Clarke's impact on the case. Later supplemental briefing also called for the parties to address recent statutory amendments to the Sentencing Reform Act of 1981(SRA), chapter 9.94A RCW.[2]
¶ 6 Although we had previously denied Mines' motion for discretionary review on November 17, 2005, we accepted review on September 12, 2007, pursuant to RCW 2.06.030 and RAP 4.4, noting the case presented a fundamental and urgent issue of broad public import requiring prompt and ultimate determination. Wash. Supreme Court Ruling Accepting Certification, State v. Mines, No. 80587-3 (Sept. 12, 2007). After numerous motions by defense counsel, made and ruled on before oral argument, the only *837 issue left on review is the sufficiency of the evidence.[3]

ANALYSIS
¶ 7 Mines contends there was not sufficient evidence to support his convictions on rape, kidnapping, and assault. In assessing the sufficiency of the evidence, the court must view the evidence in the light most favorable to the State and decide whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. State v. Luther, 157 Wash.2d 63, 77, 134 P.3d 205 (2006). A challenge to the sufficiency of the evidence admits the truth of the State's evidence. State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992).
¶ 8 Mines' principal argument supporting his claim of insufficient evidence is that the witnesses for the State were not credible. Credibility determinations are for the trier of fact and are not subject to review. State v. Thomas, 150 Wash.2d 821, 874, 83 P.3d 970 (2004). Thus, Mines' argument that the State's witnesses were not credible is without merit.
¶ 9 Mines also argues that there is not sufficient evidence of rape in the first degree because there was not evidence that Mines engaged in intercourse by forcible compulsion. Yet Robinson testified she was raped by use of a screwdriver and soda bottle. Also, dirt and grass were found in her rectum at the hospital, and finally, another man who had been in the van, Clinton Cramer, testified that he saw Mines raping Robinson. Report of Proceedings (RP) at 355-58. There is sufficient evidence for a jury to find Mines committed first degree rape.
¶ 10 Mines goes on to claim that because Robinson initially got into the van voluntarily, there is not sufficient evidence to support the kidnapping conviction. However, the jury was correctly instructed that in order to convict Mines of kidnapping, it had to find Mines abducted Robinson with the intent to facilitate the commission of a felony. See RCW 9A.40.020. Abduction is defined as restraining a person by either secreting or holding them in a place where they are not likely to be found, or by using or threatening to use deadly force. RCW 9A.40.010(2). The evidence shows that Robinson was held in the van under the threat of death, raped, and then dumped on the side of the road. Also, Cramer testified at trial that the three men in the van, including Mines and Cramer, had planned on picking up a prostitute to steal her money. RP at 338. From this evidence offered by the State, the jury could have inferred that Mines abducted Robinson with intent to commit a felony.
¶ Mines finally argues that there is not sufficient evidence to support the second degree assault conviction. Under RCW 9A.36.021 a person is guilty of assault if he or she intentionally assaults another and recklessly inflicts substantial bodily harm or assaults another with a deadly weapon. RCW 9A.36.021(1)(a), (c). At trial, Robinson testified she was severely beaten and raped with a screwdriver and soda bottle. RP at 53-55. Photographs that were taken at the hospital of Robinson's injuries were shown to the jury. This is sufficient evidence to uphold the jury's second degree assault conviction.

CONCLUSION
¶ 12 Using the standard of review for a challenge to the sufficiency of the evidence, we hold that there is sufficient evidence in this case to uphold the jury's finding of guilt for first degree rape, first degree kidnapping, and second degree assault. We affirm the convictions.
WE CONCUR: GERRY L. ALEXANDER, C.J., SUSAN OWENS, MARY E. FAIRHURST, BARBARA A. *838 MADSEN, JAMES M. JOHNSON, RICHARD B. SANDERS, DEBRA L. STEPHENS, TOM CHAMBERS, JJ.
NOTES
[1] A pro se statement of additional grounds for review was also filed. Mines alleges the State failed to meet its burden of proof, he received ineffective assistance of counsel, error occurred in the trial court instructing the jury on accomplice liability, and prosecutorial misconduct existed. We have reviewed the record and considered his arguments and find these issues are without merit.
[2] The 2005 statutory amendments to RCW 9.94A.537 added RCW 9.94A.537 to the SRA, which provides that the State "may give notice that it is seeking a sentence above the standard sentencing range" based on aggravating facts, and "[t]he facts supporting aggravating circumstances shall be proved to a jury beyond a reasonable doubt." RCW 9.94A.537(1), (3). We held in State v. Pillatos, 159 Wash.2d 459, 150 P.3d 1130 (2007), that these provisions did not apply to cases in which trial had not begun before April 15, 2005, and that courts do not have inherent authority to empanel sentencing juries. The legislature responded with amendments in 2007, stating, "[t]he legislature intends that the superior courts shall have the authority to impanel juries to find aggravating circumstances in all cases that come before the courts for trial or sentencing, regardless of the date of the original trial or sentencing." Laws of 2007, ch. 205, § 1.
[3] On January 17, 2008, a new attorney was added as defense counsel for Mines. Mines' court appointed attorney withdrew on February 6, 2008. On February 7, 2008, Mines' new attorney filed a motion to dismiss certification of this case, dismiss the challenge to the exceptional sentence, and leave to amend the briefing. We denied the motion to dismiss certification and amend the briefing but granted the motion to dismiss the exceptional sentence issue.