# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48795-1-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| JENNIFER L. WALKER, | |
| Appellant. | |

BJORGEN, C.J. — Jennifer Walker appeals her conviction for felony hit and run. She argues that: (1) the State failed to provide sufficient evidence that she was the driver of the vehicle involved in the hit and run, (2) she received ineffective assistance of counsel when her counsel failed to call a witness, and (3) she received ineffective assistance of counsel when her trial counsel failed to request a missing witness instruction.

We hold that the State presented sufficient evidence that Walker was the driver of the vehicle involved in the hit and run. We hold also that Walker did not receive ineffective assistance of counsel. Consequently, we affirm the trial court.

FACTS

On September 17, 2015, Daniel Toste was driving his green Ford F150 pickup truck when he was struck from behind by a Ford F250[1] driven by Jennifer Walker. After the crash, Walker approached Toste and asked him if they should exchange insurance information. Toste told her that he had to call the police. By the time Toste finished calling 911, Walker had left the scene without her vehicle and did not return.

The accident occurred near the home of Jeffrey O'Brien-Wile, who arrived at the scene almost immediately after the trucks collided. About 15 minutes after the crash, police arrived and spoke with several individuals, including John Ortmann, who told police that he was the passenger in the F250 and that Walker had been driving the F250 at the time of the accident.

On October 2, 2015, the State filed an amended information charging Walker with one count of felony hit and run. At trial on January 28, 2016, the State called O'Brien-Wile, who testified as follows:

[Witness]: I walked outside and saw a woman and a man in a truck, the woman was driving. They had hit a green Ford pickup and knocked him into my yard, kind of, and I waved them in and made sure they were okay, and then went over and checked on the other vehicle. When I came back, the woman was gone.

---

[1] This vehicle is alternatively referred to as the "blue Ford pickup" at different points in the record. Verbatim Report of Proceedings (VRP) at 183.

. . . .

| | |
|---|---|
| [Prosecutor]: | And in the [F250] Ford pickup— |
| [Witness]: | Yeah. |
| [Prosecutor]: | —that was in your driveway, who was in the driver's side? |
| [Witness]: | The older Ford pickup?[2] |
| [Prosecutor]: | Yes, the older Ford pickup. |
| [Witness]: | Yeah, the woman. |
| [Prosecutor]: | Okay. And based on your recollection, is she present here in the courtroom today? |
| [Witness]: | Yes |
| [Prosecutor]: | Can you please describe what she's wearing? |
| [Witness]: | A black dress—black blouse. |

[Prosecutor]: Your Honor, please let the record reflect that the witness has identified the Respondent (sic)—or excuse me, the Defendant in this matter.

Verbatim Report of Proceedings (VRP) at 147, 149-50.

The State also called Toste as a witness, who stated:

| | |
|---|---|
| [Witness]: | The truck behind me—or the truck that hit me landed into the driveway behind me. . . . I looked to my right, and the truck was sittin' in the driveway, and at that point I didn't know exactly what was going on, I was in kind of shock, but I looked over and I saw a lady— |
| [Prosecutor]: | Go ahead, finish. |
| [Witness]: | —I saw a lady exit the Ford F250. |

. . . .

| | |
|---|---|
| [Prosecutor]: | Did anybody ever approach you in your vehicle? |
| [Witness]: | The only person that approached me—my vehicle after the accident was Jennifer Walker. |
| [Prosecutor]: | Okay. Is she present in the courtroom today? |
| [Witness]: | Yes, she is. |

. . . .

[Prosecutor]: Your Honor, please let the record reflect that the witness has identified the Defendant in this matter.

. . . .

| | |
|---|---|
| [Prosecutor]: | Did [Walker] ever say she was the driver, or explain or talk about the brakes or anything like that? |

---

[2] In contrast to the "green, newer [F150] Ford pickup" that O'Brien-Wile testified was driven by Toste. VRP at 148.

> [Witness]: She did say something to the effect that what caused the accident was something—a problem with the brakes, or whatever.

VRP at 166, 168-69, 176.

Additionally, the State called Officer Brad Gillaspie of the City of Woodland Police Department, who testified as follows:

> [Prosecutor]: Did you speak with anyone after you arrived [at the scene of the accident]?
> [Witness]: Yes, I spoke to several people.
> [Prosecutor]: All right. Do you recall who you spoke to?
> [Witness]: Yes.
> [Prosecutor]: Can you please tell me their names?
> [Witness]: One would be Jeff [O'Brien-]Wile, which was the – told me that he was the witness. The blue truck was actually parked in his driveway. I talked to Mr. Toste, who was the driver of the green Ford pickup, and then there was another individual that was affiliated with the blue Ford pickup, last name of Ortman[n].
>
>       . . . .
> [Defense]: Is it safe to assume that the two that had told you the name of Jennifer Walker, could possibly have been Mr. Ortman[n], whose license was suspended, or Mr. Keen, who was the registered owner of the vehicle?
> [Witness]: Both Mr. Ortman[n] and Mr. [Richard] Keen told me that she had been the driver of the vehicle.

VRP at 182-83, 186.

Neither party called Ortmann as a witness at trial. Walker testified that she had been in the F250 pickup on the day of the accident, but that she was not in the truck at the time of the accident and that one of Ortmann's friends, Lexi, had been driving the truck. The jury found Walker guilty of felony hit and run and she was sentenced to four months' confinement. Walker appeals her conviction.

4

ANALYSIS

### I. SUFFICIENCY OF THE EVIDENCE

Walker argues that the State did not offer sufficient evidence that she was the driver of the F250 pickup. We disagree.

In evaluating the sufficiency of the evidence, we view the evidence in the light most favorable to the State to determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Mines*, 163 Wn.2d 387, 391, 179 P.3d 835 (2008). A challenge to the sufficiency of the evidence admits the truth of the State's evidence. *Id*. We do not review credibility determinations, which are reserved for the trier of fact. *Id*. In addition, we consider direct and circumstantial evidence equally reliable in evaluating the sufficiency of the evidence. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010).

Both Toste and O'Brien-Wile identified Walker as the driver of the F250. That supplies sufficient evidence that Walker was the driver of the vehicle involved. Walker argues, though, that this does not provide sufficient evidence that she was the driver of the F250 because "[a]lthough Mr. Toste and Mr. O'Brien-Wile identified Ms. Walker as the driver of the F250 in the courtroom, both witnesses had only momentary contact with her on September 17, 2015, and did not otherwise know Ms. Walker." Br. of Appellant at 9-10. However, the evidence does not suggest that the witnesses' contact was so fleeting as to compromise their identification of Walker, and their not being acquainted with her similarly does not affect their identification. In addition, to the extent this argument invites us to assess the credibility of Toste and O'Brien-

Wile in making their identification, we decline the invitation. We do not review credibility determinations on appeal.

Sufficient evidence supports the determination that Walker was the driver of the vehicle involved.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

A.      Standards

To establish ineffective assistance of counsel, Walker must demonstrate that: (1) her counsel's performance was deficient in that it fell below an objective standard of reasonableness under the circumstances and (2) she was prejudiced as a result of her counsel's performance. *State v. Larios-Lopez*, 156 Wn. App. 257, 262, 233 P.3d 899 (2010). A defendant is prejudiced by counsel's deficient performance if, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). We presume that defense counsel's representation was effective, and Walker must demonstrate that there was no legitimate or strategic reason for defense counsel's conduct. *McFarland*, 127 Wn.2d at 335-36. As we have previously held, "[i]n general, the decision to call or not call a witness is a matter of legitimate trial tactics." *State v. King*, 24 Wn. App. 495, 499, 601 P.2d 982 (1979).

B.      Failure to Call Witness

Walker asserts that her trial counsel was ineffective for failing to subpoena Ortmann and call him as a witness in order to "rebut the initial 'identification'" of Ms. Walker as the driver of the F250 pickup. Br. of Appellant at 12. At trial, Officer Gillaspie testified that Ortmann had identified Walker as the driver of the F250. Therefore, had Ortmann been called as a witness in

6

this case, it is likely that he would have identified Walker as the driver of that vehicle. Although Walker contends that Ortmann's "testimony could have been challenged on any number of reasons[,]" defense counsel would also have to weigh the possible benefit of undermining Ortmann's credibility against the possible harm of having another witness identify Walker as the driver of the F250. Br. of Appellant at 13.

Consequently, defense counsel's decision not to call Ortmann as a witness was a matter of legitimate trial strategy that cannot form the basis for a claim of ineffective assistance of counsel. Additionally, it is doubtful that defense counsel would have been able to undermine Ortmann's credibility given that Ortmann was in the F250 with Walker when the crash occurred. Even if defense counsel were able to successfully attack Ortmann's credibility, Walker has not demonstrated a reasonable probability that the outcome of the trial would have been different because two other witnesses, including the victim, identified her as the driver of the F250. For these reasons, defense counsel's decision not to call Ortmann as a witness did not constitute ineffective assistance.

C.      Missing Witness Instruction

Walker argues that she received ineffective assistance of counsel because defense counsel failed to request a missing witness instruction based on the State's failure to call Ortmann as a witness. We disagree.

In order to establish ineffective assistance of counsel for failure to request a jury instruction, Walker must first demonstrate that she was entitled to that jury instruction. *State v. Cienfuegos*, 144 Wn.2d 222, 227, 25 P.3d 1011 (2001). Under the missing witness doctrine, a party may highlight the absence of a "'natural witness'" where "it appears reasonable that the

witness is under [another party's] control or peculiarly available to [that party] and [that party] would not have failed to produce the witness unless the testimony were unfavorable." *State v. Montgomery*, 163 Wn.2d 577, 598, 183 P.3d 267 (2008) (quoting *State v. Blair*, 117 Wn.2d 479, 485-86, 816 P.2d 718 (1991)). However, a court should only give a missing witness instruction if three criteria are satisfied:

> First, the doctrine applies only if the potential testimony is material and not cumulative. . . . Second, the doctrine applies only if the missing witness is particularly under the control of [one party] rather than being equally available to both parties. . . . Third, the doctrine applies only if the witness's absence is not satisfactorily explained.

*Id*. at 598-99 (citations omitted).

In this case, Walker was not entitled to a missing witness instruction because Ortmann was not under the particular control of the State and Ortmann's testimony would have been cumulative. In *State v. Flora*, Division One of our court determined that a civilian who accompanied a police officer was not under the particular control of the State, adopting the trial court's reasoning that:

> If [the civilian] was an undersheriff or employee, a party, law enforcement officer something like that, that would be another matter. This is a civilian witness just like any other civilian witness not under the control of or peculiarly available to the State.

160 Wn. App. 549, 556-57, 249 P.3d 188 (2011).

Similar to the witness in *Flora*, Ortmann was a civilian witness with no affiliation with law enforcement, and therefore was not particularly available to either party. Furthermore, Ortmann's expected testimony, that Walker was the driver of the F250, would have been cumulative insofar as both Toste and O'Brien-Wile identified Walker as the driver of the F250.

8

Because Ortmann was not particularly available to the State and his testimony would have been cumulative, Walker has not demonstrated that she was entitled to a missing witness jury instruction. Therefore, defense counsel's failure to request a missing witness instruction did not constitute ineffective assistance.

We affirm the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, C.J.

We concur:

WORSWICK, J.

LEE, J.