**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48652-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| RAYMOND JENSEN, | |
| Appellant. | |

BJORGEN, C.J. — Raymond Jensen appeals his conviction for theft in the second degree. He argues that findings of fact 5 and 6 are not supported by substantial evidence and that the State failed to present sufficient evidence that he:  (1) committed theft "by color or aid of deception," (2) acquired property of another, and (3) intended to deprive the victim, Tawni Hickle, of her property.  Br. of Appellant at 1.

We disagree with Jensen's contentions, and we affirm his conviction.

FACTS

Angela Ostenson met Jensen during the summer of 2014, and they began dating.  During the relationship, Jensen mentioned to Ostenson that he owned a six-horse slant trailer with living quarters.  Jensen also told Ostenson that he was having money problems with his business and that he wanted to sell his six-horse trailer.  Jensen stated that he had purchased the trailer at an auction for $7,000 and would take $5,000 for it.

Ostenson informed her friend Hickle that Jensen was attempting to sell a six-horse trailer for $5,000, and Hickle replied that she was interested in purchasing the trailer at that price.  On March 19, 2015, Hickle contacted Jensen, and Jensen sent Hickle pictures of the trailer he claimed to own and told her it was being stored in Spokane.  On March 20, Hickle met Jensen at

the Grays Harbor County Fairgrounds and gave him $5,000 for the trailer. Jensen did not give Hickle a receipt but told her that he would deliver the title to the trailer when he physically delivered the trailer a few days later.

Jensen did not deliver the trailer as anticipated. When Hickle and Ostenson questioned Jensen about his failure to deliver the trailer, Jensen provided various excuses. They included the need to purchase a replacement axle from Montana, the location of the trailer with a friend of a friend in North Bend, the death of his mother, and the location of the trailer with family friends in Pittsburgh. When Ostenson confronted Jensen about whether he would return Hickle's money, Jensen stated that he no longer had the money and that he was attempting to gather money to pay back Hickle. Although Ostenson attempted to meet Jensen several times in order for him to return Hickle's money after he failed to deliver the trailer, Jensen did not appear. Using a Google image search, law enforcement and Ostenson discovered that the photos sent to Hickle of the trailer Jensen purported to own were in fact pictures of a six-horse trailer for sale in Ohio.

On June 16, 2015, the State charged Jensen with theft in the second degree by aid or color of deception. At a bench trial on December 15, 2015, the State called Ostenson, Hickle, and Deputy Jason Wecker, the officer who took Hickle's complaint, as witnesses.

Comparing the photos that Jensen sent to Hickle with the photos from the Ohio advertisement discovered by Ostenson, the trial court determined in finding of fact 6 that "[t]his advertisement was more than a similar trailer; the photographs were exactly the same." Clerk's Papers (CP) at 14. The trial court also found that

3.

On March 19, 2015, Hickle contacted [Jensen] and he sent her photographs of a horse trailer that he claimed was his and told her it was being stored in Spokane. The Defendant stated he was short on cash at his business and needed to sell the trailer to make payroll. Hickle and the Defendant agreed that she would pay $5,000 cash for the trailer.

. . . .

5.

When the trailer was not delivered, Hickle questioned [Jensen] about the trailer not being delivered via text message. [Jensen] responded his brother was going to deliver the trailer. Again the trailer was not delivered, and Hickle again asked via text message where the trailer was. Through an extensive text message correspondence, [Jensen] continued to make up excuses including a broken down truck and his brother being in a coma to explain why the trailer was not delivered.

CP at 14.

The trial court then concluded as a matter of law that:

2.

The court finds the following beyond a reasonable doubt:
(1) That on or about March 19, 2015, [Jensen] by color or aid of deception, obtained control over property of another;
(2) That the property exceeded $750.00 in value but did not exceed $5,000 in value;
(3) That [Jensen] intended to deprive [Hickle] of the property; and
(4) That this act occurred in the State of Washington.

CP at 15.

After stating that "it is simply not credible to me that Mr. Jensen did all of this innocently, there's no way," the trial court found Jenson guilty of second degree theft. Verbatim Report of Proceedings (VRP) (Dec. 15, 2015) at 39; CP at 15.

Jensen appeals his conviction.

ANALYSIS

I. STANDARD OF REVIEW

In evaluating the sufficiency of the evidence, we view the evidence in the light most favorable to the State to determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Mines*, 163 Wn.2d 387, 391, 179 P.3d

3

835 (2008). A challenge to the sufficiency of the evidence admits the truth of the State's evidence. *Id*. We do not review credibility determinations, which are reserved for the trier of fact. *Id*. Further, we consider direct and circumstantial evidence equally reliable in evaluating the sufficiency of the evidence. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). Unchallenged findings of fact are verities on appeal. *Robel v. Roundup Corp.*, 148 Wn.2d 35, 42, 59 P.3d 611 (2002).

In bench trials, however, the appellate court also observes the rule that its review is "limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). Substantial evidence is evidence sufficient to persuade a fair-minded, rational individual that the finding is true. *State v. Levy*, 156 Wn.2d 709, 733, 132 P.3d 1076 (2006). The party challenging the findings of fact bears the burden to demonstrate that substantial evidence does not support the findings. *State v. A.N.J.*, 168 Wn.2d 91, 107, 225 P.3d 956 (2010). The State retains its burden of proving all the necessary elements of a crime beyond a reasonable doubt. *Homan*, 181 Wn.2d at 106. As held in *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), a defendant may be convicted only "upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."

## II. SUFFICIENCY OF THE EVIDENCE

Jensen contends that the trial court's findings of fact 5 and 6 are not supported by substantial evidence and that the findings do not support the trial court's conclusion of law 2. We disagree.

A.      Findings of Fact 5 and 6

As an initial matter, Jensen does not offer specific arguments as to how or why findings of fact 5 and 6 are not supported by substantial evidence.  Although Jensen offers his characterization of the facts as part of his argument challenging aspects of the trial court's conclusion of law 2, he does not explain in what manner aspects of findings of fact 5 and 6 are unsupported by substantial evidence.  To the extent that Jensen bears the burden to demonstrate that substantial evidence does not support the challenged findings of facts and Jensen has failed to do so, Jensen's argument fails.

Reviewing finding of fact 5 on its merits, it is supported by substantial evidence.  The trial court heard testimony from Ostenson that Jensen had provided various excuses to Hickle for his failure to deliver the trailer as promised, and the court examined text messages between Hickle and Jensen in which Jensen provided additional excuses.  Some of these explanations contradict the representation that Jensen made to Hickle that the trailer was being stored in Spokane, as noted in finding of fact 3.  Jensen does not challenge finding of fact 3 on appeal, therefore it is a verity.  *Robel*, 148 Wn.2d at 42.  As such, we hold that substantial evidence supports finding of fact 5.

Finding of fact 6 can be characterized as the product of the fact finder's weighing of the evidence, to the extent that it determined that the two sets of photographs were the same.  As long as some reasonable interpretation of the evidence supports the findings, an appellate court does not reweigh evidence on appeal.  *State v. Arredondo*, 190 Wn. App. 512, 527, 360 P.3d 920 (2015), *aff'd*, 188 Wn.2d 244 (2017).  Instead, a challenge to the sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences that may be drawn from that evidence.  *Mines*, 163 Wn.2d at 391.  Examining the photos in the record, exhibits 3, 4, and

5, the photos Jensen sent to Hickle, appear identical to photos contained in exhibits 10 and 11, the photos of the trailer located in Ohio found by using the Google image search.  Therefore, the trial court reasonably inferred from the evidence that the two sets of photos depicted the same trailer.  Substantial evidence supports finding of fact 6.

B.      Conclusion of Law 2

In order to convict Jensen of second degree theft, the State bore the burden of establishing that he (1) by color or aid of deception, (2) obtained control over, (3) property or services of another valued at more than $750 but not greater than $5,000, (4) with the intent to deprive that person of such property or services beyond a reasonable doubt.  RCW 9A.56.020(1)(b); RCW 9A.56.040(1)(a).[1]  Jensen contends that the factual findings do not support the trial court's conclusion of law 2 that Jensen, "by color or aid of deception," obtained the property of Hickle with the intent to deprive her of her property beyond a reasonable doubt.  Br. of Appellant at 6.  We disagree.

i. By Aid or Color of Deception

RCW 9A.56.010(4)[2] explains that "'[b]y color or aid of deception' means that the deception operated to bring about the obtaining of the property or services; it is not necessary that deception be the sole means of obtaining the property or services."  RCW 9A.56.010(5) further defines "[d]eception" as occurring when an actor knowingly:

> (a) Creates or confirms another's false impression which the actor knows to be false; or
> (b) Fails to correct another's impression which the actor previously has created or confirmed; or
> (c) Prevents another from acquiring information material to the disposition of the property involved; or

---

[1] RCW 9A.56.040 was amended in 2017.  These amendments do not affect the issues in our case.

[2] RCW 9A.56.010 was amended in 2017.  These amendments do not affect the issues in our case.

(d) Transfers or encumbers property without disclosing a lien, adverse claim, or other legal impediment to the enjoyment of the property, whether that impediment is or is not valid, or is or is not a matter of official record; or

(e) Promises performance which the actor does not intend to perform or knows will not be performed.

In addition, Division One of our court has noted that

"'[d]eception' includes a broad range of conduct, including 'not only representations about past or existing facts, but also representations about future facts, . . . and inducement achieved by creating a false impression even though particular statements or acts might not be false.'"

*State v. Mehrabian*, 175 Wn. App. 678, 700, 308 P.3d 660 (2013) (quoting *State v. Casey*, 81 Wn. App. 524, 528, 915 P.2d 587 (1996)).

In this case, the trial court found that the pictures Jensen sent to Hickle of the trailer he was purporting to sell were in fact pictures of a trailer for sale in Ohio. Although Jensen claimed he had bought the trailer at an auction, the trial court did not find Jensen credible. We do not review credibility determinations on appeal. *Mines*, 163 Wn.2d at 391. Insofar as Jensen is not credible and the trial court found that he was attempting to sell a horse trailer from Ohio that he did not own, the findings support the conclusion that Jensen committed theft by color or aid of deception beyond a reasonable doubt.

ii. Property of Another

The meaning of "property of another" in the context of theft can be derived from the definition of "owner." *State v. Pike*, 118 Wn.2d 585, 589, 826 P.2d 152 (1992). RCW 9A.56.010(11) defines an "[o]wner" as "a person, other than the actor, who has possession of or any other interest in the property or services involved, and without whose consent the actor has no authority to exert control over the property or services." Our Supreme Court in *Pike* explained that "to constitute the property of another, the item must be one in which another person has an interest, and the defendant may not lawfully exert control over the item absent the

7

permission of that other person." 118 Wn.2d at 590. Subsequently in *State v. Joy*, our Supreme Court clarified that "[i]f the particular agreement between the owner and defendant restricted the use of the funds to a specific purpose, the owner would have an interest in the money, *i.e.*, the application of the money to the purpose for which it was entrusted to defendant." 121 Wn.2d 333, 341, 851 P.2d 654 (1993).

In this case, the trial court found that "Hickle and [Jensen] agreed that she would pay $5,000 cash for the trailer." CP at 14. Jensen does not challenge this finding on appeal, therefore it is a verity. *Robel*, 148 Wn.2d at 42. Insofar as the funds were restricted to a specific purpose, purchase of a trailer that Jensen claimed to own, Hickle retained an ownership interest in her $5,000. *Joy*, 121 Wn.2d at 341. Consequently, the findings support the conclusion that the $5,000 at issue was property of another beyond a reasonable doubt.

iii. Intent to Deprive

When intent is an element of a crime, "'intent to commit a crime may be inferred if the defendant's conduct and surrounding facts and circumstances plainly indicate such an intent as a matter of logical probability.'" *State v. Vasquez*, 178 Wn.2d 1, 8, 309 P.3d 318 (2013) (quoting *State v. Woods*, 63 Wn. App. 588, 591, 821 P.2d 1235 (1991)). In *State v. Komok*, our Supreme Court clarified that "'deprive[d]'" retains its common definitions of "'[t]o take something away from'" or "'[t]o keep from having or enjoying,'" or "'[t]o take.'" 113 Wn.2d 810, 815 n.4, 783 P.2d 1061 (1989) (quoting WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 365 (1984); BLACK'S LAW DICTIONARY 529 (4th ed. 1968)). Although Jensen provided various excuses for why he did not deliver the trailer and stated that he intended to return Hickle's $5,000, the trial court did not find Jensen credible. We do not review credibility determinations on appeal.

*Mines*, 163 Wn.2d at 391. With that, the findings support the conclusion that Jensen intended to deprive Hickle of $5,000 beyond a reasonable doubt.[3]

CONCLUSION

The findings of fact are supported by substantial evidence, the findings support the conclusions of law, and, under the principles we use to determine sufficiency of the evidence, the elements of the charged crime are proven beyond a reasonable doubt. Therefore we hold that the evidence presented was sufficient to convict Jensen of second degree theft beyond a reasonable doubt. We affirm the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
BJORGEN, C.J.

We concur:

_____
WORSWICK, J.

_____
JOHANSON, J.

---

[3] Jensen also argues that the State only presented sufficient evidence that Jensen breached a contractual agreement with Hickle and that "[b]reach of contract here does not satisfy the elements of theft in the second degree because there is no longer the property of another, there is no intent to deprive and there is no deception." Br. of Appellant at 14. Jensen asserts that the proper remedy in this instance is to "reverse the theft conviction and remand for dismissal with prejudice." Br. of Appellant at 14. This argument effectively mirrors Jensen's sufficiency arguments rejected above and fails for the same reasons.