# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49355-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JENNIFER THAYER, | |
| Appellant. | |

BJORGEN, J. — Jennifer Thayer appeals from her convictions of six counts of possession of a controlled substance, Vicodin. Thayer argues that (1) the State did not present sufficient independent evidence of the corpus delicti for possession of a controlled substance to admit her confession into evidence and (2) the State did not present sufficient evidence to convict her of six counts of possession of a controlled substance.

Thayer's arguments fail, and we affirm the trial court.

## FACTS

In January 2016, Carole Smith, an adult family home licensor and complaint investigator for the Department of Social Health and Services (DSHS), audited the files of an adult care facility (Facility). As part of the audit, Smith reviewed medication administration records (MAR) for residents of the Facility and the Facility's medication management, among other matters. A MAR "tells how the residents have received their medications, what time of day, [and who has] provided [the medication]." Verbatim Report of Proceedings (VRP) (June 27, 2016) at 17.

During the January 2016 audit, Smith reviewed the MARs for Margaret Greear, a resident at the Facility. Smith noticed that the Vicodin[1] prescribed to Greear was not with her other medication. Smith asked Thayer, a caregiver and resident manager of the Facility, about the missing Vicodin. Thayer retrieved a bottle of Vicodin from a locked office. Smith questioned Thayer about why the Vicodin was not kept with the other medication and Thayer responded that she kept the Vicodin separate from the other medications in a locked office. Thayer also told Smith that she was the only one with a key to the locked office.

The bottle retrieved by Thayer was dated April 2015 and had 7 remaining pills of the original 180 that came in the bottle. Greear's MARs indicated that she had received only 61 Vicodin pills in April 2015, leaving 112 pills unaccounted for.[2] Greear's MARs also indicated that Greear received Vicodin on only two days between May 2015 and December 2015.[3] Smith did not see any Vicodin prescription bottles that were filled between June and November 2015. Based on her audit of the Facility, including her conversation with Thayer, Smith informed the DSHS Complaint Resolution Unit of a possible medication problem.

The DSHS Complaint Resolution Unit referred the matter to the Lewis County Sheriff's Office. Detective Gene Seiber responded to Smith's report and spoke with Thayer at the Facility regarding the discrepancy with the Vicodin. Thayer reported to Detective Seiber that the last time that Greear had received Vicodin was in April. Thayer also reported that Greear's family

---

[1] The record also refers to Vicodin as "Hydrocodone." Ex. at 3-12. For clarity, this opinion refers to Vicodin throughout.

[2] Smith also testified that "117-ish" pills were unaccounted for. VRP (June 27, 2016) at 27. The disparity between this and the conclusion from the figures above that 112 were not accounted for is not significant for our purposes.

[3] Thayer and the State stipulated that Thayer picked up Greear's Vicodin prescription in July.

either brought the Vicodin to the Facility or dropped it into the mailbox.  Detective Seiber showed Thayer the MARs for Greear, the six prescriptions for Vicodin for Greear between June and November, and pharmacy pick-up receipts for Greear's Vicodin signed by Thayer between June and November.

After a few moments, Detective Seiber asked Thayer whether she sold or consumed the Vicodin.  Thayer responded that she had used the pills.  Thayer confirmed that she had picked up the Vicodin prescriptions between June and November 2015, paid for the prescriptions with her own money, and used those prescriptions herself.  The six prescriptions between June and November consisted of 720 Vicodin pills.

In relevant part, the State charged Thayer with six counts[4] of possession of a controlled substance under former RCW 69.50.4013 (2015).[5]  The counts were associated with the following dates, which corresponded to the dates Thayer picked up the Vicodin prescriptions: On or about June 8, 2015 (count II), on or about July 6 (count III), on or about August 11 (count IV), on or about September 9 (count V), on or about October 15 (count VI), and on or about November 17 (count VII).  All of the charges included the additional allegation that Thayer had abused a position of trust to facilitate the offense.

---

[4] The State initially charged Thayer with one count of possession of a controlled substance and then amended the charge to eight counts.  Ultimately, the State dropped two counts, resulting in six total counts of possession of a controlled substance based on Vicodin possession.

[5] Former RCW 69.50.4013(1) states,
> It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by [the Uniform Controlled Substances Act, chapter 69.50 RCW].

At trial, the defense raised an objection to the discussion of Thayer's admissions to Smith and Detective Seiber on the grounds of corpus delicti. The court overruled Thayer's corpus delicti objection, finding:

> I think there's enough here . . . with the evidence of the missing pills and where they were and who had possession of the rest of the pills here, that being Ms. Thayer, there's enough to get around [corpus delicti]. So the objection on the basis of corpus is overruled.

VRP (June 27, 2016) at 28-29. Following a bench trial, the trial court found Thayer guilty of all six counts of possession of Vicodin and that she abused a position of trust with respect to each count. The court entered the following findings of fact and conclusions of law:

### FINDINGS OF FACT
. . . .
1.18    Thayer was the only person with a key to her office where the Vicodin was located.
1.19    No other care providers were allowed in Thayer's office.
. . . .
1.25    Thayer informed Det[ective] Seiber that the last time [Vicodin] was provided to Ms. Greear was in April of 2015.
. . . .
1.27    Thayer used the [Vicodin] prescribed to Ms. Greear for her own personal consumption.
1.28    Thayer picked up the prescriptions for Ms. Greear and [kept] them for herself.
1.29    Thayer kept for herself the prescriptions picked up for Ms. Greear June through November of 2015.
1.30    Thayer paid for the prescriptions herself so Ms. Greear's family would not know about the [Vicodin] being given.

### CONCLUSIONS OF LAW
. . . .
2.2    [Thayer] unlawfully possessed a controlled substance, [Vicodin], when she used the pills prescribed to Margaret Greear for personal consumption.
2.3    This possession occurred on or about June 8, 2015; July 6, 2015; August 11, 2015; September 9, 2015; October 15, 2015; and November 17[,] 2015.

Suppl. Clerk's Papers (CP) at 50-52.

Thayer appeals her convictions for six counts of possession of a controlled substance.

ANALYSIS

I. CORPUS DELICTI

Thayer argues that the State did not present sufficient independent evidence of the corpus delicti of possession of a controlled substance, and therefore the trial court erred by admitting Thayer's statements at the bench trial. We disagree.

A.     Legal Principles

Under the corpus delicti rule, the confession or admission of a person charged with a crime is not sufficient, standing alone, to prove guilt. *State v. Aten*, 130 Wn.2d 640, 655-56, 927 P.2d 210 (1996). Instead, the confession or admission must be corroborated by independent evidence of the corpus delicti or "'body of the crime.'" *Id.* (quoting JOHN W. STRONG, 1 MCCORMICK ON EVIDENCE § 145 at 227 (4th ed. 1992)). "The body of the crime 'usually consists of two elements: (1) an injury or loss (*e.g.*, death or missing property) and (2) someone's criminal act as the cause thereof.'" *State v. Cardenas-Flores*, 189 Wn.2d 243, 252, 401 P.3d 19 (2017) (quoting *City of Bremerton v. Corbett*, 106 Wn.2d 569, 573-74, 723 P.2d 1135 (1986)). If the corpus delicti is not corroborated by independent evidence, the defendant's confessions cannot be considered. *State v. Hummel*, 165 Wn. App. 749, 758-59, 266 P.3d 269 (2012).

Typically, "[p]roof of the identity of the person who committed the crime is not part of the corpus delicti, which only requires proof that a crime was committed by someone." *Corbett*, 106 Wn.2d at 574. We review de novo whether sufficient corroborating evidence exists to satisfy the corpus delicti rule. *State v. Hotchkiss*, 1 Wn. App. 2d 275, 279, 404 P.3d 629 (2017), *review denied*, 190 Wn.2d 1005 (2018).

Independent evidence is sufficient if it prima facie establishes the corpus delicti. *Hummel*, 165 Wn. App. at 758-59. Prima facie evidence is that showing circumstances that

5

support a logical and reasonable inference of the facts sought to be proved. *Id.* at 759. "In analyzing whether there is sufficient evidence to support the corpus delicti of the crime, this court 'assumes the truth of the State's evidence and all reasonable inferences from it in a light most favorable to the State.'" *Id.* (quoting *Aten*, 130 Wn.2d at 658). The independent evidence may be either direct or circumstantial; it need not be of such character as would establish the corpus delicti beyond a reasonable doubt or even by a preponderance of the evidence. *Hummel*, 165 Wn. App. at 758-59.

B.      The State Provided Sufficient Independent Corroborating Evidence

Thayer was charged with six counts of possession of a controlled substance pursuant to former RCW 69.50.4013(1). To establish the corpus delicti for possession of a controlled substance, the State must provide independent evidence that (1) a person (2) possessed a controlled substance. *State v. Solomon*, 73 Wn. App. 724, 728-29, 870 P.2d 1019 (1994).

The State has presented sufficient independent corroborating evidence to establish the corpus delicti of the crime. The State presented pharmacy slips with Thayer's signature indicating that Thayer picked up Greear's Vicodin prescription. CP at 27 (June 27, 2016, Exhibit list); *see* VRP (June 27, 2016) at 42-43. Thayer also stipulated that she picked up Greear's Vicodin prescription on six occasions. Greear's MARs show that she was not given any Vicodin for the months of June through November. Further, Smith testified that she did not see the Vicodin bottles that Thayer picked up for Greear between June and November at the Facility during her audit. Taken together, this evidence allows a reasonable inference that someone removed the pills from the Facility after Thayer picked up the prescriptions, and therefore possessed a controlled substance.

C.       Lawful Possession

Thayer argues that in order to establish the corpus delicti, the State was required to prove that her possession of the Vicodin was unlawful because Thayer could lawfully possess the Vicodin, on behalf of her patients, in her role as an adult caregiver.  We disagree.

Lawful possession is an affirmative defense to possession of a controlled substance. *State v. Hathaway*, 161 Wn. App. 634, 650, 251 P.3d 253 (2011).  "The defendant must prove an affirmative defense by a preponderance of the evidence," and "[a]n affirmative defense does not negate any elements of the charged crime."  *State v. Fry*, 168 Wn.2d 1, 7, 228 P.3d 1 (2010).  "An affirmative defense admits the defendant committed a criminal act but pleads an excuse for doing so."  *Fry*, 168 Wn.2d at 7.  Additionally,

> [i]t is not necessary for the state to negate any exemption or exception in this [Uniform Controlled Substances Act] in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this chapter.  The burden of proof of any exemption or exception is upon the person claiming it.

RCW 69.50.506(a).  Because lawful possession is an affirmative defense that Thayer had the burden to prove, the State did not need to negate lawful possession in order to establish the corpus delicti of possession.

To the extent that Thayer argues that the State had additional obligations under the corpus delicti rule based on her status as a caregiver, she fails to provide authority supporting that argument.  We decline to address arguments unsupported by citation to authority or argument. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

The State presented sufficient evidence to establish the corpus delicti for possession of a controlled substance. The trial court did not err by admitting Thayer's statements at trial.

## II. SUFFICIENCY OF THE EVIDENCE

Thayer asserts that findings of fact 1.18, 1.19, 1.25, and 1.27-1.30 are not supported by sufficient evidence and that certain conclusions of law are not supported by the findings. We disagree.

A.   Legal Principles

In evaluating the sufficiency of the evidence, we view the evidence in the light most favorable to the State to determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Mines*, 163 Wn.2d 387, 391, 179 P.3d 835 (2008). A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all inferences that may reasonably be drawn from the evidence. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We do not review credibility determinations, which are reserved for the trier of fact. *Mines*, 163 Wn.2d at 391. Furthermore, we consider direct and circumstantial evidence equally reliable in evaluating the sufficiency of the evidence. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). Following a bench trial, our review is "limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014), *on remand*, 191 Wn. App. 759 (2015), *as corrected* (Feb. 11, 2016).

Substantial evidence is evidence sufficient to persuade a fair-minded, rational individual that the finding is true. *Homan*, 181 Wn.2d at 105-06. The party challenging the findings of fact bears the burden to demonstrate that substantial evidence does not support the findings. *State v. A.N.J.*, 168 Wn.2d 91, 107, 225 P.3d 956 (2010). Unchallenged findings of fact are verities on

appeal. *Homan*, 181 Wn.2d at 106. The State retains its burden of proving all the necessary elements of a crime beyond a reasonable doubt. *Homan*, 181 Wn.2d at 106.

B.    Substantial Evidence Supports the Trial Court's Findings and the Findings Support the Conclusions of Law

Smith testified that Thayer reported that she was the only person with access to the locked office. A fair-minded, rational finder of fact could infer from Thayer's statement that she was the only person with a key to the office and that only she could access the office. Further, Detective Seiber testified that Thayer reported that she had picked up the Vicodin prescriptions between June and November 2015, paid for the prescriptions with her own money, and used those prescriptions herself. Detective Seiber testified that Thayer reported that the last time Greear had received Vicodin was in April 2015. Detective Seiber also testified that Thayer reported paying for the prescriptions herself so Ms. Greear's family would not know that the Vicodin prescriptions were being filled. Based on the testimony of Smith and Detective Seiber, a fair-minded, rational finder of fact could find the trial court's findings true. Accordingly, findings of fact 1.18, 1.19, 1.25, and 1.27-1.30 are supported by substantial evidence. Those findings in turn support the trial court's conclusions of law.

Thayer argues that the findings of fact and the conclusions of law based on those findings are supported only by Thayer's own statements, which are insufficient to support a conviction under the corpus delicti rule. Thayer misunderstands the application of the corpus delicti rule. The corpus delicti rule prevents admission of the defendant's confession without independent corroborating evidence. *Hummel*, 165 Wn. App. at 758-59. When the corpus delicti is established, the defendant's statements may be considered. Importantly, on appeal, we do not weigh credibility of witnesses or weigh evidence, and we consider direct and circumstantial evidence equally reliable in evaluating the sufficiency of the evidence. *Kintz*, 169 Wn.2d at 551;

*Mines*, 163 Wn.2d at 391. Here, as explained above, the State presented sufficient evidence of the corpus delicti of possession of a controlled substance, and Thayer's statements were properly considered. The trial court's findings of fact are supported by substantial evidence in the record.

Thayer appears to argue that conclusions of law 2.2 and 2.3 are not supported by the findings of fact because absent her confession, the State has not shown that she possessed a controlled substance on the dates alleged in the charging information. We disagree.

To prove unlawful possession of a controlled substance, "the State must prove only 'the nature of the substance and the fact of possession.'" *Hathaway*, 161 Wn. App. at 645-46 (quoting *State v. Bradshaw*, 152 Wn.2d 528, 538, 98 P.3d 1190 (2004)). "[W]here time is not a material element of the charged crime, the language 'on or about' is sufficient to admit proof of the act at any time within the statute of limitations, so long as there is no defense of alibi." *State v. Hayes*, 81 Wn. App. 425, 432, 914 P.2d 788 (1996); *State v. Yallup*, 3 Wn. App. 2d 546, 553, 416 P.3d 1250 (2018). "When charging using 'on or about' or similar language, the proof is not limited to the delineated time period." *Yallup*, 3 Wn. App. 2d at 553.

Here, Thayer did not raise an alibi defense at trial. Thayer admitted to Detective Seiber that she had used the Vicodin from the prescriptions she picked up between June and November (approximately 720 pills) for personal use. Based on Thayer's admission and the amount of Vicodin that was missing, a rational trier of fact could determine that Thayer possessed Vicodin "on or about" each of the days listed in the six counts of possession of a controlled substance. Therefore, the trial court's findings of fact support conclusions of law 2.2 and 2.3.

Thayer also assigns error to conclusions of law 2.4, 2.5 and 2.6. These are, respectively, that Thayer's possession occurred in the State of Washington, that she is guilty beyond a reasonable doubt of counts II-VII, and that she violated a position of trust with respect to each

count. Thayer's challenge to conclusion of law 2.5 appears to be an extension of her sufficiency of the evidence argument, which we address above. Therefore we do not independently consider it. Thayer does not present any argument regarding conclusions of law 2.4 and 2.6. We do not consider conclusory arguments unsupported by citation to authority or rational argument. *Cowiche Canyon*, 118 Wn.2d at 809. Therefore, we decline to consider Thayer's assignments of error regarding conclusions of law 2.4 and 2.6.

We affirm Thayer's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

Bjorgen, J.

We concur:

Johanson, P.J.

Sutton, J.