IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79043-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SERGIO LOPEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Sergio Lopez challenges his conviction for second degree robbery. He argues the to-convict instruction abandoned the transactional theory of robbery and under the law of the case doctrine, the State was obligated to prove Lopez took ink cartridges in the presence of a store employee. But the to-convict instruction did not abandon the transactional theory of robbery, and the instruction did not require greater proof than required under the statute. When the evidence is viewed in the light most favorable to the State, we conclude the jury could have found the essential elements of the crime beyond a reasonable doubt.

Therefore, we affirm.

FACTS

The State charged Lopez with second degree robbery. Following a trial, the jury convicted Lopez as charged. The court imposed a standard range sentence. Lopez appeals.

ANALYSIS

Lopez contends the State failed to present sufficient evidence of second degree robbery, as required by the to-convict jury instruction.

We review sufficiency of the evidence de novo.[1] "Under both the federal and state constitutions, due process requires that the State prove every element of a crime beyond a reasonable doubt."[2] To determine whether there is sufficient evidence to sustain a conviction, "we view the evidence in the light most favorable to the State and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3] "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom."[4]

A person is guilty of robbery, including second degree robbery, when they "unlawfully take[ ] personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force,

---

[1] State v. Rich, 184 Wn.2d 897, 903, 365 P.3d 746 (2016).

[2] State v. Johnson, 188 Wn.2d 742, 750, 399 P.3d 507 (2017).

[3] State v. Elmi, 166 Wn.2d 209, 214, 207 P.3d 439 (2009) (quoting State v. Mines, 163 Wn.2d 387, 391, 179 P.3d 835 (2008)).

[4] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

violence, or fear of injury to that person or his or her property or the person or property of anyone."[5]

Here, the to-convict jury instruction for second degree robbery provided:

To convict the defendant of the crime of robbery in the second degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about June 22, 2017, the defendant unlawfully took personal property from the person or in the presence of another;

(2) That the person was acting as a representative of the owner of the property taken;

(3) That the defendant intended to commit theft of the property;

(4) That the taking was against that person's will by the defendant's use or threatened use of immediate force, violence or fear of injury to that person or to that person's property or to the person or property of another;

(5) That force or fear was used by the defendant to obtain or retain possession of the property or to prevent or overcome resistance to the taking or to prevent knowledge of the taking; and

(6) That any of these acts occurred in the [s]tate of Washington.[6]

Lopez argues "[t]he to-convict instruction . . . required greater proof than the statute requires."[7] Specifically, Lopez contends "the State was required to prove that the taking occurred from the person in the presence of another and the taking

---

[5] RCW 9A.56.190.

[6] Clerk's Papers (CP) at 39.

[7] Appellant's Br. at 7.

3

was accomplished by force or fear <u>and</u> force o[r] fear was used to obtain or retain possession of the property."[8]

The to-convict instruction is identical to Washington's criminal pattern jury instruction (WPIC) 37.04.[9]  "[P]attern instructions generally have the advantage of thoughtful adoption."[10]  And here, WPIC 37.04 tracks RCW 9A.56.190 and the surrounding case law, which recognizes the transactional theory of robbery:

> The plain language of the robbery statute says the force used may be either to obtain <u>or retain</u> possession of the property.  We hold the force necessary to support a robbery conviction need not be used in the initial acquisition of the property.  Rather, the retention, via force against the property owner, of property initially taken peaceably <u>or</u> outside the presence of the property owner, is robbery.[11]

Lopez argues the word "and" after element 5 in the to-convict instruction requires the State to prove the taking occurred in the immediate presence of another and the taking, separate from retention of the property, was accomplished through "fear or force."  These arguments are unpersuasive.

In <u>State v. Hickman</u>, our Supreme Court determined that "a defendant may assign error [on appeal] to elements added under the law of the case doctrine."[12]  Under the law of the case doctrine, jury instructions not objected to become the

---

[8] <u>Id.</u> at 8.

[9] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 37.04 (4th ed. 2016) (WPIC).

[10] <u>State v. Bennett</u>, 161 Wn.2d 303, 308, 165 P.3d 1241 (2007).

[11] <u>State v. Handburgh</u>, 119 Wn.2d 284, 293, 830 P.2d 641 (1992).

[12] 135 Wn.2d 97, 102, 954 P.2d 900 (1998).

law of the case.[13]  In Hickman, "the State acquiesced to jury instructions which included venue as an additional element [and as a result,] venue became an element for the State to prove in order to prevail."[14]  The court ultimately reversed and dismissed Hickman's conviction because the State failed to prove beyond a reasonable doubt that the crime occurred in Snohomish County, as alleged in the jury instructions.[15]

This case is not analogous to Hickman.  RCW 9A.56.190, as mirrored in WPIC 37.04, specifically provides the "force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking."[16]  The statute requires the taking occur in the presence of another, but it does not require the taking occur in the direct view of another.  In fact, the statute contemplates a situation where the taking "was fully completed without the knowledge of the person from whom taken."[17]

In line with the statute and WPIC, here, the to-convict instruction defines "robbery" as the unlawful taking of personal property "in the presence of another."[18]  Although element 4 of the instruction requires the taking be "against that person's will by the defendant's use or threatened use of immediate force,

---

[13] Id.
[14] Id. at 105.
[15] Id. at 105-06.
[16] (Emphasis added.)
[17] RCW 9A.56.190.
[18] CP at 39.

violence or fear of injury," element 5 explains the "force or fear" may be used to "obtain or retain possession."[19]  The to-convict instruction did not require greater proof than RCW 9A.56.190 requires.

Now we turn to the sufficiency of the evidence.  On June 22, 2017, Phong Vuu, the manager of a Staples in Kent, reported to an alarm in the toner aisle.  He saw Lopez in the aisle.  Vuu turned off the alarm and apologized to the customer.  Another employee reported to a second alarm in the toner aisle.  Lopez was the only customer in the toner aisle.  While Vuu was in the print department, several alarms went off in the toner aisle.  Vuu saw Lopez "moving rather quickly behind the aisles towards the front of the store . . . [t]owards the exit."[20]  Vuu tried to intercept Lopez and Vuu noticed Lopez had a reusable bag with "at least three" toners.[21]  Lopez came towards Vuu with a knife.  "[H]e told me that if I got any closer that he would stab me."[22]  Vuu backed away and Lopez exited the store with the toners.

When this evidence is viewed in the light most favorable to the State, we conclude the jury could have found the essential elements of the crime beyond a reasonable doubt.  Lopez took the cartridges from the store in the presence of Vuu by threatened use of force.  The State presented sufficient evidence of second

---

[19] Id.

[20] Report of Proceedings (Aug. 8, 2019) at 271.

[21] Id. at 272.

[22] Id. at 273.

degree robbery, as alleged in the to-convict jury instruction, to sustain Lopez's conviction.

Therefore, we affirm.

_____

WE CONCUR:

_____          _____